IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 3:19-cv-00079

LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold,

Plaintiff,

vs.

City of Valley City,
Christopher Olson,
Wade Hannig,
Barnes County,
Barnes County Sheriff Randy McClaflin,
Jenna Jochim,
Richard Chase,
Bruce Potts,
Jesse Burchill,
Barnes County Ambulance, Inc.,
National Medical Resources, Inc.,
Mercy Hospital of Valley City d/b/a CHI Mercy Health,

Defendants.

**Defendants Barnes County, Barnes County Sheriff Randy McClaflin, Jenna Jochim, Richard Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance, Inc. Answer and Jury Demand**

*** *** ***

COMES NOW Defendants Barnes County, Barnes County Sheriff Randy McClaflin, Jenna Jochim, Richard Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance, Inc. (collectively "County Defendants") for their Answer to the Plaintiff's Complaint, alleges and states as follows:

1.

The County Defendants deny each and every allegation, matter and thing in Paragraphs 1-505 and the Prayer for Relief as stated in the Plaintiff's Complaint and hold Plaintiff to the strictest proof of the allegations as may be provided by law, except as hereinafter specifically admitted.

2.

With respect to the allegations in Paragraph 8, Barnes County admits it is a political subdivision organized under the laws of North Dakota.

3.

With respect to the allegations in Paragraph 9, McClaflin admits he was the Sheriff of Barnes County.

4.

With respect to the allegations in Paragraph 10, Jochim admits she was a correctional officer employed by Barnes County.

5.

With respect to the allegations in Paragraph 11, Chase admits he was a correctional officer employed by Barnes County.

6.

With respect to the allegations in Paragraph 12, Potts admits he was a correctional officer employed by Barnes County.

7.

With respect to the allegations in Paragraph 13, Burchill admits he was a correctional officer employed by Barnes County.

8.

With respect to the allegations in Paragraph 14, Barnes County Ambulance admits it was a political subdivision organized under the laws of North Dakota and operates within Barnes County, North Dakota.

9.

With respect to the allegations in paragraphs 15, 16, 17, 18, and 19, Barnes County Ambulance admits it provided services to Lindvold. Further, Rippley, Anderson, and Miller admit they are Emergency Medical Technicians.

10.

With respect to the allegations in paragraph 39, the County Defendants admit recordings of some of the actions of the County Defendants were captured on video and/or audio recordings.

11.

With respect to the allegations in paragraph 150, the County Defendants admit Lindvold was transported to the Barnes County Jail.

12.

With respect to the allegations in paragraph 152, 153, and 154, the County Defendants assert the Department of Corrections document speaks for itself and deny any and all allegations in the plaintiff's complaint that are contrary to the plain text of the document.

13.

With respect to the allegations in paragraphs 156, 157, and 158 of the plaintiff's complaint, the County Defendants admit the Department of Corrections conducted site inspections and issued findings but deny all allegations in the Plaintiff's complaint that are contrary to the plain text of the inspection reports and findings.

14.

With respect to the allegations in paragraph 167 of the plaintiff's complaint, Jochim denies all allegations in this paragraph to the extent they are contrary to the content of the recorded interview to the extent that recording exists.

15.

The County Defendants deny all allegations in paragraphs with respect to the conversations referenced in the plaintiff's complaint with respect to Linvold's actions and conversations with respect to medical care that are not supported by audio or video recordings.

16.

With respect to paragraph 209 of the plaintiff's complaint, the County Defendants deny all allegations to the extent they are contrary to the text or explanation of the referenced text message to the extent it exists.

17.

With respect to paragraph 212, the County Defendants admit Linvold was provided with an ambulance for transport to the hospital.

18.

The County Defendants admit the allegations in paragraph 220 to the extent they assert that all means used to transport Lindvold were proper under the circumstances.

19.

With respect to the allegations in paragraphs 221, 222, 223, the County Defendants admit that Lindvold received medical treatment but deny all other allegations in these paragraphs that are unsupported by admissible evidence.

20.

The County Defendants admit Lindvold was transported to Mercy Hospital by ambulance as alleged in paragraph 224 of the plaintiff's complaint.

21.

With respect to the allegations in paragraph 238, the County Defendants admit Lindvold

was released from jail for medical treatment.

22.

With respect to the allegations in paragraphs 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, and 270 of the complaint, the County Defendants only admit they detained Lindvold in a manner that was reasonably calculated to ensure his own personal safety and also admit they inspected him in his cell and consulted supervisors to the extent reasonably necessary to ensure inmate safety.

23.

With respect to the allegations in paragraphs 279, 280, and 281 of the plaintiff's complaint, the County Defendants admit these allegations only the extent they are supported by time logs completed by the referenced officers.

24.

With respect to the allegations in paragraph 302, the County Defendants admit an ambulance was requested to tend to Lindvold.

25.

With respect to the allegations in paragraphs 304, 305, and 306, the County Defendants admit Lindvold was transported from the Barnes County Jail and specifically assert the transport was conducted in a safe and prudent manner.

26.

As stated above, the County Defendants deny all other allegations in the plaintiff's complaint except those specifically admitted above and hold the plaintiff the strictest level of proof allowed by law with respect to each and every allegation. The County Defendants specifically deny any alleged wrongdoing that may be inferred from the Plaintiff's complaint and further deny

any and all allegations that may in any way impute liability to the County Defendants. Further, the County Defendants specifically deny that plaintiff is entitled to any of the relief sought in its complaint.

## AFFIRMATIVE DEFENSES

27.

The County Defendants reallege all previous allegations and denials.

28.

Plaintiff's complaint fails to state a claim upon which relief may be granted.

29.

The County Defendants, to the extent the complaint is construed to name individuals in their individual capacities, are immune from suit on the grounds of qualified immunity.

30.

The County Defendants allege the plaintiff's complaint is barred by the applicable statute of limitations, estoppel, laches, release, res judicata, collateral estoppel, and waiver.

31.

The County Defendants specifically deny any fault, liability, or wrongdoing and allege the Plaintiff's claims as to them are without any justification whatsoever.

32.

The County Defendants allege that any damages to Lindvold, if any may be shown, were caused or contributed to by Lindvold's own fault, and Plaintiff's claims are therefore reduced or barred.

33.

The County Defendants alleged that Lindvold proximately caused or contributed to cause

his alleged injuries and alleges that Lindvold's fault was at least equal to or greater than the fault of the County Defendants, if any be shown, all of which bars Plaintiff's right of recovery. In the alternative, the County Defendants allege Plaintiff's damages, if any be shown, were proximately caused by the fault of others over whom the County Defendants have no responsibility or control.

34.

The County Defendants claim immunity pursuant to the relevant provisions of Chapter 32-12.1 of the North Dakota Century Code and other applicable law governing immunity of political subdivisions, political subdivision employees, police officers, correctional officers, law enforcement entities, and correctional entities.

35.

Plaintiff cannot show Lindvold suffered any constitutional violation. The County Defendants affirmatively allege no action by them was unconstitutional or infringed upon any of Lindvold's constitutional or other rights.

36.

Plaintiff cannot show any policy or custom was the moving force behind any constitutional deprivation; therefore, Plaintiff's Complaint is barred as to any claim for municipal liability arising under 42 U.S.C. § 1983.

37.

Pending completion of discovery, the County Defendants assert and incorporate by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the North Dakota and Federal Rules of Civil Procedure.

WHEREFORE, the County Defendants request Plaintiff's complaint against them be in all things dismissed; that County Defendants recover their costs and disbursements, and attorney's

fees herein; and that the Court award such other relief as the Court may deem just and proper.

DEFENDANTS HEREBY REQUEST A JURY OF THE MAXIMUM SIZE ALLOWED BY LAW.

Dated this 8th day of July, 2019.

By /s/ Brian D. Schmidt
Scott K. Porsborg (ND ID No: 04904)
sporsborg@smithporsborg.com
Brian D. Schmidt (ND ID No: 07498)
bschmidt@smithporsborg.com
Barnes County Special Assistant State's Attorneys
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorney for Defendants, Barnes County, Barnes County Sheriff Randy McClaflin, Jenna Jochim, Richard Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2019, a true and correct copy of the foregoing **Defendants Barnes County, Barnes County Sheriff Randy McClaflin, Jenna Jochim, Richard Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance, Inc. Answer and Jury Demand** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ATTORNEYS FOR PLAINTIFF, LUANNE JANSSEN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WARREN S. LINDVOLD

Cash H. Aaland — cash@aalandlaw.com
Rachel M. Gehrig — rachel@aalandlaw.com
Attorneys at Law — officemanager@aalandlaw.com
P.O. Box 1817
Fargo, ND 58107-1817

Al Baker — al@elawpros.com
Attorney at Law
1336 25th Avenue South
Southwood Plaza, Ste. 202
Fargo, ND 58103

ATTORNEYS FOR DEFENDANTS, CITY OF VALLEY CITY, CHRISTOPHER OLSON, AND WADE HANNIG

Daniel L. Gaustad — dan@grandforkslaw.com
Ronald F. Fischer — rfischer@grandforkslaw.com
Joseph E. Quinn — jquinn@grandforkslaw.com
Cody C. Cummings — cody@grandforkslaw.com
Attorneys at Law
P.O. Box 5758
Grand Forks, ND 58206-5758

ATTORNEYS FOR DEFENDANT, NATIONAL MEDICAL RESOURCES, INC.

Brenda L. Blazer — bblazer@vogellaw.com
Briana L. Rummel — brummel@vogellaw.com
Attorneys at Law
P.O. Box 2097
Bismarck, ND 58502-2097

ATTORNEYS FOR DEFENDANT, MERCY HOSPITAL OF VALLEY CITY D/B/A CHI MERCY HEALTH

Tracy Vigness Kolb
Attorney at Law
1900 Burnt Boat Drive, Suite 101
Bismarck, ND 58503

tkolb@meagher.com

By /s/ Brian D. Schmidt
BRIAN D. SCHMIDT