IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold, <br><br>  Plaintiff, <br><br> -vs- <br><br> City of Valley City, <br> Christopher Olson, <br> Wade Hannig, <br> Barnes County, <br> Barnes County Sheriff Randy McClaflin, <br> Jenna Jochim, <br> Richard Chase, <br> Bruce Potts, <br> Jesse Burchill, <br> Barnes County Ambulance, Inc., <br> National Medical Resources, Inc., <br> Mercy Hospital of Valley City d/b/a CHI Mercy Health, <br><br>  Defendants. | Civil No. 3:19-cv-79 <br><br> **ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND BY DEFENDANTS CITY OF VALLEY CITY, CHRISTOPHER OLSON AND WADE HANNIG** |

**COMES NOW** Defendants City of Valley City, Christopher Olson and Wade Hannig (hereafter collectively referred to as "Valley City Defendants"), by and through their duly authorized and undersigned counsel, hereby respond to the plaintiff's complaint in the above captioned case as follows:

**FIRST DEFENSE**

1. The Complaint fails to state a claim or claims upon which relief can be granted.

**SECOND DEFENSE**

2. The Valley City Defendants are immune to the claims brought by Plaintiff pursuant to state and/or federal law, including, but not by way of limitation, absolute immunity, qualified immunity, discretionary immunity, and Chapters 29-06 and 32-12.1 of the North Dakota Century Code and other applicable law governing immunity of political subdivisions,

Page 1 of 9

political subdivision employees, police officers and law enforcement entities.

### THIRD DEFENSE

3. Plaintiff's entitlement to damages, if any, is barred and/or limited in amount by the provisions of North Dakota Century Code Chapters 29-06 and 32-12.1 and other applicable law governing barring or limited damages of political subdivisions, political subdivision employees, police officers and law enforcement entities.

### FOURTH DEFENSE

4. The Valley City Defendants are immune from suit for matters alleged in Plaintiff's Complaint because these defendants acted without intent to cause any deprivation of decedent Warren S. Lindvold's (hereafter "Lindvold") rights or other injury to Lindvold, and did not act with willful or with deliberate indifference to Lindvold's rights.

### FIFTH DEFENSE

5. At all pertinent times, the Valley City Defendants acted in good faith in reliance upon local, state, and federal laws with respect to their dealings and actions regarding Lindvold.

### SIXTH DEFENSE

6. The Valley City Defendants specifically deny that Plaintiff suffered any damages as a result of any acts committed by any of them.

### SEVENTH DEFENSE

7. Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations, release, res judicata, estoppel, collateral estoppel, waiver, and/or principles of laches.

### EIGHTH DEFENSE

8. Pending completion of discovery, the Valley City Defendants hereby assert and preserve all defenses available to them by state and/or federal laws and procedures, including Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

### NINTH DEFENSE

9.	Plaintiff's claims are barred in whole or in part by the Eleventh Amendment of the United States Constitution.

### TENTH DEFENSE

10.	The Valley City Defendants specifically deny any and all fault attributed to them by the allegations in Plaintiff's complaint.  If anyone was at fault, the damages suffered by the Plaintiff are the result of the fault of Lindvold and/or others over whom the Valley City Defendants had no control or for whom the Valley City Defendants had no responsibility.  In the alternative, any fault assessed against the Valley City Defendants must be compared with the fault of Lindvold and/or anyone else whose fault contributed to the damages alleged in the complaint.  Any recovery against the Valley City Defendants must be limited to their pro rata share of fault as may be determined and adjudged, and as further limited or barred, including as limited or barred under N.D.C.C. Ch. 32-03.2.

### ELEVENTH DEFENSE

11.	To the extent the Plaintiff seeks to assert individual claims against defendants Christopher Olson or Wade Hannig, or any other specific individuals employed by Valley City, those claims are barred by the provisions of Chapter 32-12.1 of the North Dakota Century Code and/or by qualified immunity.

### TWELVTH DEFENSE

12.	The Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a) and therefore the Complaint should be dismissed.

### THIRTEENTH DEFENSE

13.	The Plaintiff cannot show that Lindvold suffered any constitutional violation, thus

depriving the federal court of jurisdiction over this litigation. The Valley City Defendants allege that no action by them was unconstitutional or infringed upon any of Lindvold's constitutional or other rights.

**FOURTEENTH DEFENSE**

14. The Plaintiff cannot show that any policy or custom of Valley City was the moving force behind any alleged constitutional deprivation; therefore, Plaintiff's Complaint is barred as to any claim for municipal liability arising under 42 U.S.C. § 1983.

**FIFTEENTH DEFENSE**

15. With 505 numbered paragraphs, and at 83 pages in length, the Plaintiff's Complaint fails to contain a short and plain statement showing that the Plaintiff is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure, and therefore the Complaint should be dismissed; or alternatively, the Plaintiff should be required to amend the Complaint to comply with the requirements of Rule 8.

**SIXTEENTH DEFENSE**

16. The Plaintiff's Complaint is without both legal or factual merit and the Valley City Defendants are entitled to recover their attorneys' fees incurred in this matter pursuant to, among others, §§ 28-26-01 and 28-26-31 of the North Dakota Century Code, and Rule 11 of the Federal Rules of Civil Procedure.

**SEVENTEENTH DEFENSE**

17. The Valley City Defendants deny each and every allegation, matter, and thing contained in Plaintiff's Complaint and Demand for Jury Trial, except that which is hereinafter specifically admitted, qualified, or explained in Paragraphs 18 through 27 of this Answer , and put the Plaintiff to the strictest proof of the allegations contained in the Complaint as required by applicable law.

18. With respect to paragraph 5 of the Complaint, the Valley City Defendants admit only that Valley City is a political subdivision organized under the laws of North Dakota.

19. With respect to paragraph 6 of the Complaint, the Valley City Defendants admit only that Christopher Olson was a police officer employed by the City of Valley City.

20. With respect to paragraph 7 of the Complaint, the Valley City Defendants admit only that Wade Hannig was a police officer employed by the City of Valley City.

21. With respect to paragraphs 25 through 29 of the Complaint, the Valley City Defendants admit only that on July 15, 2018 Lindvold was detained, arrested and transported to the Barnes County Correctional Facility.

22. With respect to paragraph 39 of the Complaint, the Valley City Defendants admit only that recordings of some of the actions of the Valley City Defendants were captured on video and/or audio recordings.

23. With respect to paragraphs 40 and 41 of the Complaint, the Valley City Defendants admit only that on July 15, 2018 Lindvold was arrested.

24. With respect to paragraphs 42 through 150, 163, 164, 165, 173, 174, 176, 179, 180, 181, 188, 190, 192 through 205, 207 through 209, 241 through 244, 301, 310, 311, 313 through 317, 340 through 344, 351, 352, and 436 through 441 of the Complaint, the audio/video/electronic recordings/documents speak for themselves. The allegations of the Complaint contain Plaintiff's characterization, edification and conclusions of what transpired during the detention, arrest and transport to the Barnes County Correctional Facility by the Valley City Defendants and are specifically denied. The Valley City Defendants acted at all times, during the detention, arrest and transport of Lindvold to the Barnes County Correctional Facility and thereafter, in good faith reliance upon local, state, and federal laws, and without

intent to harm Lindvold or deprive him of any rights, with respect to their dealings and actions regarding Lindvold.

25. The Valley City Defendants admit the allegation contained in paragraph 328 of the Complaint.

26. With respect to paragraph 337 of the Complaint, the Valley City Defendants admit only that at all times during the detention, arrest and transport of Lindvold to the Barnes County Correctional Center Defendants Olson and Hannig were police officers acting under color of law of Valley City, the State of North Dakota, and the United States of America.

27. With respect to paragraph 418 of the Complaint, the Valley City Defendants admit only that Defendants Olson and Hannig were employed as police officers by Valley City at all times pertinent to their dealings with Lindvold on July 15, 2018.

28. In addition to and not in any way limiting the denial of each and every allegation, matter, and thing contained in Plaintiff's Complaint and Demand for Jury Trial set forth in Paragraph 17 of this Answer, the Valley City Defendants specifically deny all allegations in the Complaint regarding conversations or statements that are not supported by the audio/video/electronic recordings/documents referenced in the Complaint.

29. In addition to and not in any way limiting the denial of each and every allegation, matter, and thing contained in Plaintiff's Complaint and Demand for Jury Trial as set forth in Paragraph 17 of this Answer, the Valley City Defendants specifically deny any alleged wrongdoing that may be inferred from the allegations in Plaintiff's Complaint, and further deny any and all allegations that may in any way impute liability to the Valley City Defendants. At all times pertinent to the allegations in the Complaint the Valley City Defendants acted without intent to cause injury or damage to Lindvold, or to deprive Lindvold of any of his rights. The Valley City Defendants acted at all times without willful or deliberate indifference to Lindvold's

rights. Further, the Valley City Defendants specifically deny that plaintiff is entitled to any of the relief sought in the Complaint.

**WHEREFORE,** the Valley City Defendants demand judgment dismissing the Plaintiff's Complaint, in total and with prejudice, awarding the Valley City Defendants their costs, disbursements, attorneys' fees, and such other and further relief as may be deemed just and proper.

Dated this 16th day of July, 2019.

**PEARSON CHRISTENSEN, PLLP**

/s/ Daniel Gaustad
Daniel L. Gaustad (ND ID #05282)
Ronald F. Fischer (ND ID #03707)
Joseph E. Quinn (ND ID #06538)
Cody C. Cummings (ND ID #08732)
24 North 4th Street/ P. O. Box 5758
Grand Forks, ND  58206-5758
Telephone:  701-775-0521
Facsimile:  701-775-0524
E-mail:  dan@grandforkslaw.com
Attorneys for City of Valley, Christopher Olson, and Wade Hannig

*[balance of this page intentionally left blank]*

## DEMAND FOR JURY TRIAL

The Valley City Defendants request a jury of the maximum number of persons allowed to try all issues.

**DATED** this 16th day of July, 2019.

**PEARSON CHRISTENSEN, PLLP**

/s/ Daniel Gaustad
Daniel L. Gaustad (ND ID #05282)
Ronald F. Fischer (ND ID #03707)
Joseph E. Quinn (ND ID #06538)
Cody C. Cummings (ND ID #08732)
24 North 4th Street/ P. O. Box 5758
Grand Forks, ND  58206-5758
Telephone:  701-775-0521
Facsimile:  701-775-0524
E-mail:  dan@grandforkslaw.com
Attorneys for City of Valley, Christopher Olson, and Wade Hannig


# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, the following document:

- **ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND BY DEFENDANTS CITY OF VALLEY CITY, CHRISTOPHER OLSON AND WADE HANNIG**

was filed electronically with the Clerk of Court through ECF and I further certify that a copy of the foregoing document will be served through ECF to the following ECF participants:

Alan Baker – al@elawpros.com
Cash H. Aaland – officemanager@aalandlaw.com
Rachel Marie Gehring – rachel@aalandlaw.com
***Attorneys for Plaintiff***

Brian D. Schmidt – bschmidt@smithporsborg.com
Scott K. Porsborg – sporsborg@smithporsborg.com
***Attorneys for Barnes County, Barnes Co. Sheriff Randy McClaflin, Jenna Jochim, Richard Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance, Inc.***

Michael Waller – mwaller@crowleyfleck.com
Benjamin Sand – bsand@crowleyfleck.com
***Attorneys for National Medical Resources, Inc.***

Tracy Vigness Kolb – tkolb@meagher.com
***Attorney for Mercy Hospital d/b/a CHI Mercy Health***

**DATED** this 16TH day of July, 2019

      **PEARSON CHRISTENSEN, PLLP**

/s/ Daniel Gaustad
Daniel L. Gaustad (ND ID #05282)
Ronald F. Fischer (ND ID #03707)
Joseph E. Quinn (ND ID #06538)
Cody C. Cummings (ND ID #08732)
24 North 4th Street/ P. O. Box 5758
Grand Forks, ND  58206-5758
Telephone:  701-775-0521
Facsimile:  701-775-0524
E-mail:  dan@grandforkslaw.com
Attorneys for City of Valley, Christopher Olson, and Wade Hannig