## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

LuAnne Janssen, as Personal Representative of
the Estate of Warren S. Lindvold,

        Plaintiff,

    -vs-

City of Valley City,
Christopher Olson,
Wade Hannig,
Barnes County,
Barnes County Sheriff Randy McClaflin,
Julie Forsman,
Jenna Jochim,
Richard Chase,
Bruce Potts,
Jesse Burchill,
Barnes County Ambulance, Inc.,
National Medical Resources, Inc.,
Mercy Hospital of Valley City d/b/a CHI
Mercy Health,

               Defendants.

Civil No. 3:19-cv-79

**BRIEF IN SUPPORT OF MOTION TO
COMPEL PLAINTIFF TO FULLY
RESPOND TO VALLEY CITY
DEFENDANTS' DISCOVERY REQUESTS**

### RELEVANT FACTS

Defendants, City of Valley City, Christopher Olson, and Wade Hanning (hereafter "Valley City Defendants"), have filed a motion to compel the plaintiff to fully and completely respond to the following interrogatories and requests for production of documents (hereafter collectively referred to as "discovery requests")[1] served upon the plaintiff on May 15, 2020:

    A.  Interrogatories 2 thru 5, 8, 9 and 22 thru 25;

    B.  Document requests 1 thru 4.

In addition, the Valley City Defendants have moved the court for an order compelling the plaintiff to supplement her August 3, 2020 response to Interrogatory 18 consistent with what

---

[1] The interrogatories and document requests are set forth in the plaintiff's responses to those discovery requests, and are attached to the motion to compel as Exhibits A1, A2, B1, and B2. See footnote 1 in the accompanying motion to compel.

plaintiff's counsel agreed to do during the August 27, 2020   D.N.D. Gen. L.R. 37.1(B) conference with the Court.[2]

This brief is submitted in support of the Valley City Defendants' motion. The facts relevant to this motion are straight forward. The plaintiff LuAnne Janssen ("Janssen") is the personal representative of the estate of Warren S. Lindvold ("Lindvold"). Janssen has filed a lengthy complaint against two political subdivisions, law enforcement officials, as well as various medical entities.[3] Janssen's Amended Complaint (Doc. 46) is 84 pages in length and contains 505 separately numbered paragraphs. As represented to the Court in the plaintiff's Rule D.N.D. Gen. L.R. 37.1(B) submission, Janssen served "initial Rule 26 disclosures containing 3691 pages of documents and listed 96 individual people that Plaintiff believed were likely to have discoverable information." Since serving her initial disclosure, the plaintiff's D.N.D. Gen. L.R. 37.1(B) submission goes on to state that a substantial number of additional documents have been provided to the parties such that "Plaintiff has disclosed 9799 pages of documents related to her claims in this case."

In a nutshell, at the heart of Janssen's claims, including alleged federal civil rights violations, is the allegation that the various defendants, either individually and/or collectively, are responsible for the alleged wrongful death of Lindvold. As the Court will see when it reviews the Valley City Defendants' interrogatories and document requests at issue with this motion, those discovery requests seek the proverbial "who, what, when and where" of the alleged wrongdoing specifically committed by the Valley City Defendants. The discovery requests at issue are no different than countless interrogatories and document requests that have been served

---

[2] The Valley City Defendants refer the Court to Exhibit C, attached to their motion to compel, which sets forth the facts relevant to this request.

[3] As the caption in this lawsuit reveals, there are 8 individually named defendants, including our clients Christopher Olson, and Wade Hanning, who are sued both in their official and individual capacities; as well as 6 entities, including our client the City of Valley City.

by defendants in civil litigation since the adoption of the federal rules of civil procedure, in the mid-20th century.

The plaintiff's position set forth in her D.N.D. Gen. L.R. 37.1(B) submission is that the Valley City Defendants have already been provided with the information they seek in their discovery requests by the expansive Amended Complaint and the almost ten thousand pages of documents provided to the defendants since the service of plaintiff's Rule 26 initial disclosures. Even though the Valley City Defendants are entitled to know specifically what evidence (the who, what when and where) the plaintiff claims to exist relative to the specific wrongdoing the plaintiff believes has been done by the Valley City Defendants, as opposed to the other defendants in this lawsuit, the plaintiff suggests that Valley City Defendants should simply review the Amended Complaint and the plaintiff's Rule 26 initial disclosures, along with the almost 10,000 pages of documents provided by the plaintiff, and then guess from that material what the plaintiff's responses to those discovery requests would be. That is not the way the discovery process works.

The plaintiff seeks to thwart the Valley City Defendants from discovering the specific facts (including the names of persons with knowledge of those facts, and the documents supporting and/or related to those facts) underlying the numerous allegations contained in Janssen's Amended Complaint. The plaintiff does that by asserting the attorney work product privilege. For the reasons which follow, Janssen's assertion of the work product privilege is without merit.

### ARGUMENT

**I.      Introduction and Scope of Attorney Work Product Privilege.**

With respect to the work product privilege the Eighth Circuit Court of Appeals has observed:

> This Court applies federal law to work product claims. See Baker v. Gen. Motors Corp., 209 F.3d 1051, 1053 (8th Cir.2000) (en banc). In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation. See Binks Mfg. Co. v. Nat'l Presto Indus., Inc., 709 F.2d 1109, 1118–19 (7th Cir.1983). Work product is not discoverable unless the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means. See Fed.R.Civ.P. 26(b)(3).

PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 817 (8th Cir. 2002). Although our research has not uncovered an Eighth Circuit opinion delineating the extent of the burden of proving the work product privilege, the Second Circuit has held that the party seeking to assert the privilege "bears the **heavy burden** of establishing its applicability." (Emphasis added). Koumoulis v. Independent Financial Marketing Group, Inc., 295 F.R.D. 28, 39 (E.D. N.Y. 2013) (citing In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2nd Cir. 2007)). In any event, it is clear that the party opposing discovery (Janssen in this case) has the burden of persuasion that the requested discovery is improper. Vorachek v. Citizens State Bank of Lankin, 421 N.W.2d 45, 52-53 (ND 1988); Vallejo v. Amgen, Inc., 903 F.3d 733, 743 (8th Cir. 2018) ("well-settled rule that courts require the party seeking to limit discovery to establish grounds for not providing the discovery that are specific and factual").

We note at the outset that of the 40 discovery requests served by the Valley City Defendants, Janssen objected to 16, or 40% of them. In addition, with respect to several of them Janssen responded by simply referring to her Rule 26 initial disclosures, which is not a proper response. See DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 688 (D. Kan. 2004); see also Hertz v. Luzenac America, Inc., 2006 WL 994431 (D. Colo. 2006). While the parties were able to work out a resolution of a number of those objections and improper responses through the D.N.D. Gen. L.R. 37.1 process, those objections that remain at issue with respect to this motion to compel number 14, or 35% of the total number of discovery requests served by the Valley City Defendants. When the Court examines the discovery requests still at issue, it will be clear

that the plaintiff is using the attorney work product privilege as a sword to thwart valid discovery, and not the shield which the privilege is intended to be. See Ahern v. Pacific Gulf Marine, Inc., 2007 WL 9723901 (M.D. Florida 2007) (It is "well settled …that one cannot simultaneously invoke the work product privilege while making affirmative use of the materials it wishes to protect from disclosure"); see also Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1417 (11ᵗʰ Cir. 1994) discussing attorney-client privilege.

To find that the plaintiff is attempting to use the work product privilege as both a sword and a shield the Court need look no further than the plaintiff's admission – while simultaneously asserting the privilege – that all of the underlying documents and information asked for in the discovery requests at issue have already been produced to the parties by the plaintiff. It was for that reason, and based upon that admission, the Court observed and found at the Rule D.N.D. Gen. L.R. 37.1(B) conference that Janssen need not provide a privilege log.

Moreover, and of significance, the fact that Janssen has produced all of the documents for which she now asserts the work product privilege, establishes that the claimed privilege has been waived. See Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997) wherein the court observed "We have stated that disclosure to an adversary waives work product protection as to items actually disclosed. In re Chrysler Motors Corp. Overnight Evaluation Program Litig., 860 F.2d 844, 846 (8th Cir. 1988)."

It bears noting that discovery is not intended to be a game where all the parties' cards are held close to the vest until trial, and then a trial by ambush takes place.  Rather, the discovery rules are to be broadly and liberally interpreted to compel the parties to provide all factual information which is relevant or may lead to the discovery of admissible evidence.  As observed by the court in Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997):

Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. Jones v. Commander, Kansas Army Ammunitions Plant, 147 F.R.D. 248, 250 (D.Kan.1993). The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D.N.J.1990).

**II.     Hickman v. Taylor, 329 U.S. 495 (1947).**

In support of her assertion of the work product privilege Janssen relies primarily on the seminal United States Supreme Court case of Hickman v. Taylor, 329 U.S. 495 (1947). However, Janssen's reliance upon Hickman to support her claim of work product privilege in opposition to answering the discovery requests at issue is misplaced.

As the Court is well aware, the discovery rules "are to be accorded a broad and liberal treatment." Hickman, 329 U.S. at 507. The discovery rules play a "vital role in the preparation for trial." Id. at 501. The discovery rules in civil cases are intended to serve "(1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." Id. As further noted in Hickman, and as applicable to this case and the discovery requests served by the Valley City Defendants, "**[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely with the knowledge of his attorney**." Id. at 504 (Emphasis added).

It is important to note that in Hickman, and in contrast to this case, of the 39 interrogatories served upon the defendants there was only one which the defendants and their attorney refused to answer. See Id. at 514 (Justice Jackson's concurring opinion that the interrogatory specifically implicated the work product privilege by seeking, without establishing the necessity or justification for, written statements, private memoranda and personal

recollections prepared and/or formed by an adverse party's counsel in the course of his legal duties in anticipation of litigation).

The discovery requests at issue in this case, in contrast to the one at issue in Hickman, do not seek attorney work product. For example, interrogatory 4 asks whether any of the Valley City Defendants have made any communications which the plaintiff intends to rely upon at trial, and if so to provide the identity of the persons to whom the communication was made, the identity of anyone else who was present when the communication was made, the date the communication was made, the identity of all documents referring to the communication, the form of the communication, and whether the communication was written or signed. In responding to that interrogatory the plaintiff answered "Yes," but then provided no other information, instead asserting the work product privilege.

Likewise, with respect to interrogatory 5 the plaintiff was asked whether any admissions were made by the Valley City Defendants, and if so, the identity of the person(s) to whom the admission was made, the date it was made, whether the admission was written or oral, the substance of the admission, and if the admission was in writing the identity of the writing or document containing the admission. Again, the plaintiff responded to that interrogatory by stating "Yes," but then refused to provide any other information on the ground of the work product privilege.

The identity of persons who may have knowledge with respect to the issues involved in this case is not something that is protected by the work product privilege, even if the plaintiff needs to consult with her attorney to obtain and provide that information in response to interrogatories 4 and 5. See Roberson v. Ryder Truck Lines, Inc., 41 F.R.D. 166, 167 (N.D. Miss. 1966) holding "It is inconceivable that any court would say that the names and addresses of prospective witnesses could be classified as the work product of an attorney. It also would be

astonishing if plaintiff here could not readily obtain these names and addresses from his attorney

if in fact plaintiff does not already have this information."

With respect to interrogatory 9, it asks the plaintiff to specify in detail each act and/or

omission on the part of the Valley City Defendants which plaintiff believes makes the City

Defendants responsible for the relief requested in Janssen's Amended Complaint. As to each

such act and/or omission, interrogatory 9 goes on to ask the plaintiff for the following:

a.      The person(s) performing or failing to perform it;

b.      The exact date and time you contend it was or was not performed;

c.      The circumstances under which you contend it was or was not performed;

d.      The specific manner in which you contend it led to or resulted in the death of
        Warren Lindvold, and the relief sought in your Amended Complaint; and

e.      What you contend should or should not have been done instead.

Rather than provide a full and complete response to interrogatory 9, providing all of the

requested factual information, Janssen has simply asserted the attorney work product privilege.

All of this information requested by interrogatory 9 is undeniably discoverable.  The Valley City

Defendants are simply seeking that plaintiff identify those persons she claims to have engaged

in an act or omission which makes them responsible for the relief sought in her Amended

Complaint, as well as the details with respect to that alleged wrongdoing.  See In re Grand

Casinos Inc., 181 F.R.D. 615, 618 (D. Minn. 1998) for an example of a similar interrogatory.

Interrogatories 22 thru 25 ask the plaintiff to identify and describe with particularity the

factual basis for the specific allegations contained in numbered paragraphs 88, 116, 196, and

234 of the plaintiff's Amended Complaint. Again, the plaintiff refused to answer any of those

questions on the grounds of attorney work product privilege. To the extent these interrogatories

fall into the category of what courts have referred to as "contention" interrogatories, while the

courts have broad authority to control the timing of such interrogatories, they are not by any

stretch of the imagination objectionable as requesting attorney work product privileged

information.   As stated in <u>Sprint Communications Company L.P. v. Crow Creek Sioux</u>, 316

F.R.D. 254, 272 (2016) (D. S.D. 2016):

> A contention interrogatory asks "another party to indicate what it contends, to
> state all the facts on which it bases its contentions, to state all the evidence on
> which it bases its contentions, or to explain how the law applies to the facts."
> <u>Dziadek v. Charter Oak Fire Ins. Co.</u>, No. Civ. 11–4134–RAL, 2014 WL 820049
> at *16 (D.S.D. Mar. 3, 2014) (quoting <u>Black Hills Molding, Inc. v. Brandom</u>
> <u>Holdings, LLC</u>, 295 F.R.D. 403 (D.S.D.2013) (Duffy, Magistrate Judge)).  When
> properly used, contention interrogatories can be helpful "in that they may narrow
> and define the issues for trial and enable the propounding party to determine the
> proof required to rebut the responding party's claim or defense." <u>Moses v.</u>
> <u>Halstead</u>, 236 F.R.D. 667, 674 (D.Kan.2006).

<u>See</u> <u>also</u> <u>Gilmore v. City of Minneapolis</u>, 2014 WL 4722488 (D. Minn. 2014):

> Federal Rule of Civil Procedure 33 governs interrogatories and provides, in
> relevant part that "[a]n interrogatory may relate to any matter that may be
> inquired into under Rule 26(b).  An interrogatory is not objectionable merely
> because it asks for an opinion or contention that relates to fact or the application
> of law to fact...."  Fed.R.Civ.P. 33(a)(2).  Rule 26(b), in turn, provides that
> "[p]arties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1) (emphasis
> added).
> * * *
> [C]ontention interrogatories are proper even where they "probe[ ] a party's
> contentions as to how the law applies to the facts," explaining that "[s]uch
> probing is perfectly permissible and does not invade the work product privilege
> merely because the party's counsel must disclose the reasoning applying the law
> to the facts." <u>In re Rail Freight Fuel Surcharge Antitrust Litig.</u>, 281 F.R.D. 1, 4
> (D.D.C.2011); <u>King v. E.F. Hutton & Co.</u>, 117 F.R.D. 2, 5 n. 3 (D.D.C.1987)
> (finding that interrogatories did not invade work product protection because "in
> answering contention interrogatories the party is only giving the factual specifics
> which the party contends supports a claim, and this in no way impinges on the
> attorney's impressions or analysis as to how the attorney will endeavor to apply
> the law to the facts").

Not only do they not violate the attorney work product privilege, contention

interrogatories have been viewed favorably by the courts precisely because the client will have

the benefit of counsel in replying to such interrogatories.  <u>See</u> <u>Exxon Research and Engineering</u>

<u>Co. v. U.S.</u>, 44 Fed.Cl. 597, 600 (Fed. Cl. 1999) (<u>quoting</u> <u>United States v. Taylor</u>, 166 F.R.D.

356, 361 (M.D.N.C.1996)).   Moreover, as noted earlier, a party may not object to an

interrogatory merely because the information sought in the interrogatory is known only by its

attorney. Hickman, 329 U.S. at 504; Oklahoma v. Tyson Foods, Inc., 262 F.R.D. 617, 629 (N.D. Okla. 2009).

The only discovery request that comes close to seeking information which may be protected by work product privilege is interrogatory 8. Interrogatory 8 seeks to know whether the plaintiff has any statements (written and/or recorded) from any person who has knowledge of any of the allegations contained in the plaintiff's amended complaint.  If so, interrogatory 8 goes on to seek the name of each such person, the dates of the statements given, the name of the persons taking the statements, and the identity of the persons who plaintiff knows to have possession of such statements.  Jenssen has objected to providing a substantive answer to interrogatory 8 based upon the attorney work product privilege.

While Hickman, and its progeny, do support the assertion of the attorney work-product privilege with respect to an investigation by plaintiff's counsel, including interviewing, and preparing statements concerning interviews of, persons with factual knowledge applicable to the issues in the case, Hickman does not, and indeed expects the opposite to occur, preclude the adverse party from obtaining the underlying factual information itself through the use of discovery mechanisms such as interrogatories.  Thus, while the Valley City Defendants are not seeking the work product of plaintiff's counsel in this case by their discovery requests, they are seeking and are entitled to be provided with all factual information disclosed by persons who may have been interviewed by plaintiff and/or her attorneys.  As noted by the court in Oklahoma v. Tyson Foods, Inc., 262 F.R.D. at 628:

> [W]hile the work product doctrine shields the documents and things prepared by an attorney or party representative, it does not protect the underlying facts contained in the documents from discovery. Resolution Trust Corp. v. Dabney 73 F.3d 262, 266 (10th Cir.1995)("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product."); Marcin Eng'g, LLC. v. Founders at Grizzly Ranch, LLC., 219 F.R.D. 516, 525 (D.Colo.2003) ("[The work-product doctrine] does not apply to facts underlying or contained in such documents [prepared in anticipation of

litigation]."); Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D.Cal.2003) ("However, because the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or fact contained within the work product. Only when a party seeking discovery attempts to ascertain facts, which inherently reveal the attorney's mental impression, does the work product protection extend to the underlying facts." (citations and quoting references omitted)); In re Theragenics Corp. Sec. Litig., 205 F.R.D. 631, 634 (N.D.Ga.2002) ("Numerous courts since Hickman v. Taylor ... have recognized that names and addresses of witnesses interviewed by counsel who have knowledge of the facts alleged in the complaint are not protected from disclosures."); Guardsmark, Inc. v. Blue Cross & Blue Shield, 206 F.R.D. 202, 207 (W.D.Tenn.2002) ("[T]he 'work product' doctrine does not protect facts concerning the creation of work product or facts contained within the work product."); Lifewise Master Funding v. Telebank, 206 F.R.D. 298, 303 (D.Utah 2002) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts within the product.").

**This is true even if those facts are attained due to the efforts of the attorney**. (Emphasis added).

During the Rule D.N.D. Gen. L.R. 37.1(B) conference Janssen's counsel admitted that he had interviewed persons, and obtained statements from them, that have not been disclosed. While the statements may (or may not, depending upon how they were prepared, and if they are verbatim transcripts) be protected by the attorney work product privilege, the Valley City Defendants are entitled at a minimum to know the identity of the persons interviewed and the underlying facts disclosed by those persons. See Hickman, 329 U.S. at 508-09, holding that broad discovery requests fully and completely answered by the defendants "would necessarily have included all pertinent information gleaned by Fortenbaugh [defendants' lawyer] through his interviews with the witnesses."

III.    **Compelling Plaintiff to Fully and Completely Respond to the Interrogatories and Requests for Production of Documents at Issue Does Not Implicate the Work Product Privilege.**

The plaintiff cites two cases (in addition to Hickman) in support of her argument that compelling the plaintiff to fully and completely answer the interrogatories at issue and produce the document requested is prohibited by the work product privilege. Those cases are Shelton v.

Am Motors Corp. 805 F.2d 1323 (8th Cir. 1986), cited in plaintiff's D.N.D. Gen. L.R. 37.1(B) submission, and In re Grand Casinos, Inc. 181 F.R.D. 615 (D. Minn. 1998), cited by plaintiff's counsel during the D.N.D. Gen. L.R. 37.1(B) conference. Neither case supports the application of the attorney work product privilege to the interrogatories and document requests at issue.

In Shelton the plaintiffs sought to take the deposition of in-house counsel for the defendant corporation in a products liability lawsuit arising from a motor vehicle rollover that resulted in the death of plaintiffs' child. During her deposition, in-house counsel refused to answer questions as to whether there were documents that had been gathered and examined by in-house counsel, from among the voluminous files and documents of the defendant corporation, in preparing her client's defense in the case. Shelton, 805 F.2d at 1328. The Eighth Circuit (with one judge dissenting) held that the work product doctrine was properly asserted by in-house counsel as to questions by plaintiffs' counsel that would reveal in-house counsel's legal theories, plans and strategy, citing to the Hickman case. Id. at 1329. The Shelton decision, as pointed out by other courts addressing that opinion, was the product of the Eighth Circuit's concern "with the "increasing practice" of taking opposing counsel's depositions-a practice that chills attorney-client communications, permits one party to try and freeload on the other party's case development activities, and encourages satellite litigation about privilege issues." Id. at 1327; see Phillips v. Indianapolis Life Ins. Co., 2009 WL 1564384 (S.D. Ind. 2009).

Shelton is easily distinguishable from this case, since the Valley City Defendants are not seeking to depose Janssen's lawyers. Rather, the Valley City Defendants demand full and complete responses to interrogatories and document requests which seek the identity of facts, witnesses and documents which support the various claims that have been asserted by the plaintiff against the Valley City Defendants. The fact that some, or indeed all, of that information is in the possession plaintiff's lawyers does not implicate the work product privilege, as already noted in the cases cited and discussed in part II of this brief, *supra*.

Indeed, the fact that the work product privilege does not apply to the interrogatories and document requests at issue in this case in supported by the <u>Grand Casinos, Inc</u>. case cited by Janssen's counsel at the D.N.D. Gen. L.R. 37.1(B) conference.  When the court examines the language of the discovery requests which the court in <u>Grand Casinos, Inc</u>. found acceptable, they are strikingly similar to the language in the discovery requests at issue in this case. Those interrogatories and document requests, like those at issue in this case, sought the plaintiff to identify and produce all facts, witnesses and documents supporting the allegations contained in the complaint. <u>See</u> <u>Grand Casinos, Inc</u>. 181 F.R.D. at 618-19.

What seems to be troubling Janssen's counsel is the fact that Janssen, as the personal representative of Lindvold, does not have personal knowledge to substantively respond to the discovery requests at issue without the assistance of her lawyers. However, that doesn't mean Janssen can refuse to fully and completely respond to the interrogatories and document requests on the ground of work product privilege. Indeed, the fact Janssen doesn't have the requisite personal knowledge, and will require the assistance of her lawyers, to substantively respond to the discovery requests at issue, is precisely why interrogatories and document requests, as opposed to the deposition of Janssen (where her answers would no doubt be "I don't know" to the questions asked and documents sought in the discovery requests at issue), are the preferred method of discovery in cases like this. For an in depth discussion about the benefits of using interrogatories (as opposed to depositions) to obtain factual information (the proverbial who, what, when, and where) with respect to allegations contained in a complaint, where it may be necessary to involve legal counsel in providing the requested information, we refer the court to <u>Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co</u>., 137 F.R.D. 267, 281-83 (D. Neb. 1989) (quoting <u>Lance, Inc. v. Ginsburg</u>, 32 F.R.D. 51 (E.D. Pa. 1962)).

In <u>U.S. v. Taylor</u>, 166 F.R.D. 356, 361 (M.D. N.C. 1996) the court noted that it was not uncommon to have a situation where a corporation no longer employs individuals, or those

Page 13 of 20

individuals have deceased, who had personal knowledge as to the matters at issue in the lawsuit. That fact does not alleviate the corporation's obligation to produce someone to speak on its behalf at a properly noticed Rule 30(b)(6) deposition. Id. at 361. The court in Taylor went on to note that in cases like the one under review contention interrogatories might be of value precisely because the client will have the benefit of counsel in responding to those interrogatories, and they "do not implicate attorney work product [citations omitted]." Id. at 362, n. 7; see also Exxon Research and Engineering, 44 Fed. Cl. at 600 (Court held contention interrogatories as opposed to Rule 30(b)(6) deposition was favored method of discovery in that case).

It should not escape notice that Janssen has cited to no case where a legitimate discovery request like the ones at issue need not be answered, under the work product doctrine, simply because a party's lawyer is called upon to assist the party in fully and completely responding to the interrogatories or document requests at issue. Our own research has not disclosed such a case either.

We do note that there are decisions that apply opinion work product to compilations or distillations of documents, even if they are composed of non-work product materials. As noted in Oklahoma v. Tyson Foods, Inc., 262 F.R.D. at 626, n. 11:

> The general rule is that third-party documents are not protected by the work product doctrine. However, some courts treat compilations or distillations of documents as opinion work product, even if they are composed of non-work product materials. See Sporck v. Peil, 759 F.2d 312, 315–317 (3d Cir.1985). (Selection process can create opinion work product even though the documents themselves do not qualify for work product protection.) Other courts find the "selection and compilation" exception to be a narrow one, requiring "the party asserting the privilege [to] show 'a real, rather than speculative, concern' that counsel's thought processes 'in relation to pending or anticipated litigation' will be exposed through disclosure of the compiled documents." In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 386 (2d Cir.2003) (citation omitted); see Raytheon Aircraft Co. v. U.S. Army Corps of Eng'rs, 183 F.Supp.2d 1280, 1290–91 (D.Kan.2001) (Work product protection did not apply to disclosure of list of publicly available documents selected by counsel that did not reveal counsel's mental process.); Audiotext Communications Network, Inc. v. U.S. Telecom, Inc., 164 F.R.D. 250, 252 (D.Kan.1996)

(Collecting and organizing discoverable documents in a notebook does not make the notebook protected work product).

In Sporck v. Peil, 759 F.2d 312 (3rd Cir. 1985), during the deposition of one of the defendants, it was discovered that the deponent's lawyer had prepared a folder which contained, out of over 100,000 pages of documents produced in discovery, selected documents deponent's counsel felt were relevant both to allegations in the case as well as possible legal defenses. The deponent's counsel used that folder (and the documents therein) to help prepare the deponent for his deposition. When asked at the deposition what documents he had relied upon in preparing for the deposition, the deponent referred to the folder prepared by his lawyer. There was no issue that the documents in the folder had not already been produced in discovery. When the plaintiff's lawyer made an oral and written demand for the folder and documents therein to be produced the deponent's lawyer refused. The deponent's lawyer agreed to allow the plaintiff's counsel to ask about the deponent's reliance upon individual documents in the context of specific factual questions, and the deposition proceeded on that basis. When the matter was taken up with the court following the deposition, the trial court ordered the folder to be produced. On writ of mandamus, the Second Circuit Court of Appeals reversed holding that the folder was protected by the work product privilege.

Unlike the Sporck case, where opposing counsel sought to obtain a compilation of documents, organized into a folder, which the deponent's lawyer used to prepare his client for a deposition, in this case we are simply seeking answers to legitimate interrogatories and document requests. Moreover, unlike Sporck, where the plaintiff's lawyer had the ability to depose the defendant, who had personal knowledge as to the relevant facts, the Valley City Defendants do not have that option since Janssen's counsel has admitted that Janssen has no personal knowledge as to the relevant facts of this case. The Valley City Defendants do not have the ability to take Janssen's deposition and get substantive, full and complete responses to the interrogatories and document requests at issue. Therefore, even if the court were to find that the

discovery requests at issue implicate the attorney work product privilege, the fact that the

plaintiff has no personal knowledge regarding the facts relevant to the claims made by her in the

Amended Complaint gives rise to a showing by the Valley City Defendants  have a substantial

need for the information sought through their discovery requests and cannot obtain the

substantial equivalent through other means. See Fed.R.Civ.P. 26(b)(3). As noted by the United

States Supreme Court in Hickman:

> We do not mean to say that all written materials obtained or prepared by an
> adversary's counsel with an eye toward litigation are necessarily free from
> discovery in all cases. Where relevant and non-privileged facts remain hidden in
> an attorney's file and where production of those facts is essential to the
> preparation of one's case, discovery may properly be had. Such written statements
> and documents might, under certain circumstances, be admissible in evidence or
> give clues as to the existence or location of relevant facts. Or they might be useful
> for purposes of impeachment or corroboration. And production might be justified
> where the witnesses are no longer available or can be reached only with difficulty.
> Were production of written statements and documents to be precluded under such
> circumstances, the liberal ideals of the deposition-discovery portions of the
> Federal Rules of Civil Procedure would be stripped of much of their meaning.

Hickman, 329 U.S. at 511-512

The work product privilege simply does not apply to the interrogatories and document

requests served by the Valley City Defendants in this case. See Mead Corp. v. Riverwood

Natural Resources Corp., 145 F.R.D. 512, 517-18 (D. Minn. 1992), noting that the Sporck

"opinion employed questionable rationale[4], but, in any event, is distinguishable" as to the

interrogatories at issue, holding: "The Interrogatories under consideration seek objective facts

upon which defenses interposed were based and the identity of persons with knowledge of those

facts. Counsel may have become privy to those facts during interviews or investigation early in

the course of this litigation, but counsel did not create the facts and could not reasonably

conclude that facts in his possession were confidential or expect them to remain confidential."

---

[4] We note that Mead Corp. is not the only case to question the reasoning in the Sporck decision.
See Bohannon v. Honda Motor Co. Ltd., 127 F.R.D. 536, 539 (D. Kan. 1989); Audiotext
Communications Network, Inc. v. US Telecom, Inc., 164 F.R.D. 250 (D. Kan. 1996).

If Janssen's work product privilege were to prevent the Valley City Defendants from

obtaining the specifics (who, what, when and where) with respect to the allegations contained in

the Amended Complaint, discovery would be sent back to the days before the Federal Rules of

Civil Procedure:

> A party cannot refuse to respond to discovery requesting factual information on the grounds that the information is known only to its attorney. A party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party. 8B Wright & Miller § 2177. <u>See</u> <u>also</u> <u>Hickman</u>, 329 U.S. at 504 ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."); <u>Naismith v. Professional Golfers Ass'n</u>, 85 F.R.D. 552, 565 (N.D.Ga.1979) ("It is clear that a party served with interrogatories has an obligation to reveal information held by his attorneys."). In the context of a Rule 30(b)(6) deposition, the deponent may be required to testify regarding facts which the witness has learned from counsel or from his/her review of work product. <u>See</u>, <u>e.g.</u>, <u>Barrett</u>, 129 F.R.D. at 518. "The courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery." <u>Feldman v. Pioneer Petroleum, Inc.</u>, 87 F.R.D. 86, 89 (W.D.Okla.1980).
>
> Attorneys often refuse to disclose during discovery those facts that they have acquired through their investigative efforts and assert, as the basis for their refusal, the protections of the work-product doctrine. Where such facts are concerned, as opposed to the documents containing them or the impressions and conclusions drawn from them, they must be disclosed to the opposing party in response to a proper request for discovery. Otherwise, discovery would be a meaningless tool and we would be back to the era before the advent of the Federal Rules of Civil Procedure when "mutual knowledge of all the relevant facts gathered by both parties" was far from the guiding principle of the federal litigation process. Michael E. Wolfson, <u>Opinion Work Product–Solving the Dilemma of Compelled Disclosure</u>, 64 Neb.L.Rev. 248, 256–257 (1985) (footnotes omitted).

<u>E.E.O.C. v. Unit Drilling Co</u>. 2014 WL 3548845 (N.D. Okla. 2014).

**IV.     Plaintiff Should be Compelled to Supplement Responses to Interrogatory 18 by Incorporating the Information Contained in the August 24, 2020 letter and Attachments From Counsel.**

As the record will reveal, at the August 27, 2020 D.N.D. Gen. L.R. 37.1(B) conference

with the court, counsel for the Valley City Defendants agreed that they would consider the issues

raised with respect to plaintiff's responses to interrogatories 10, 12 and 18 resolved if the

plaintiff would supplement her responses to those interrogatories by incorporating for each of them the information provided by plaintiff's counsel (Mr. Al Baker) in his letter (and attachments thereto) dated August 24, 2020. Mr. Baker readily agreed to that proposal, and stated that those supplemental responses would be served by September 4, 2020. While plaintiff's counsel did serve supplemental responses on September 4, 2020, those responses were only to interrogatories 10 and 12. No supplemental response was made with respect to interrogatory 18.

By email to Mr. Baker dated September 8, 2020 the undersigned counsel for the Valley City Defendants requested that the plaintiff provide a supplemental response to interrogatory 18, as had been agreed. Mr. Baker responded by stating that his client would not agree to do so, and accused the undersigned counsel for the Valley City Defendants of attempting "to waste the Plaintiff's time and unnecessarily increase the expense of the litigation." Counsel for the Valley City Defendants responded by stating that a supplemental response to interrogatory 18 was necessary to ensure that Plaintiff could not at a later date disavow that her supplemental responses to interrogatories 10 and 12 on September 4th were not applicable to her earlier August 3rd response to interrogatory 18. In other words, the Valley City Defendants sought an affirmative response from plaintiff's counsel that the plaintiff, as to interrogatory 18, agreed to be bound by her September 4th responses to interrogatories 10 and 12. See Exhibit C attached to the Valley City Defendants' motion to compel. As of this date (September 11, 2020) there has been no response from plaintiff's counsel to the Valley City Defendants attempts at resolving this matter amicably without the need to involve the court. The fact that Mr. Baker has not given the assurances sought by the Valley City Defendants gives credence to the concerns raised by defense counsel in Mr. Fischer's emails to Mr. Baker.

In short, the Valley City Defendants are simply seeking compliance by the plaintiff with her lawyer's agreement at the August 27, 2020 D.N.D. Gen. L.R. 37.1(B) conference that supplemental responses would be made by the plaintiff to interrogatories 10, 12 **and** 18,

incorporating in full the information provided in Mr. Baker's letter and attachments dated August 24, 2020.

## CONCLUSION

The failure of the Plaintiff to answer a significant number of interrogatories and produce related documents violates the scope and spirit of the rules of discovery. In attempting to prevent the Valley City Defendants from obtaining legitimate discoverable information in accordance with such rules the Plaintiff has asserted the meritless attorney work product privilege. Even if for argument purposes only the attorney work product privilege was applicable to the Valley City Defendants' discovery requests at issue with this motion, given that the plaintiff has no personal knowledge of the relevant facts, it is only through the interrogatories and document requests at issue that the Valley City Defendants can obtain the information required to adequately prepare their defense to the allegations in the Amended Complaint. This Court has the power to enforce discovery and should exercise that authority under the circumstances herein by:

1.  Ordering Plaintiff to fully and completely answer Interrogatories 2 thru 5, 8, 9 and 22 thru 25;

2.  Ordering the Plaintiff to fully and completely respond to document requests 1 thru 4, including the production of all of the requested documents;

3.  Ordering the Plaintiff to supplement her response to Interrogatory 18 consistent to what her attorney agreed to do at the D.N.D. Gen. L.R. 37.1(B) conference; and

4.  Ordering Plaintiff to pay the Valley City Defendants' attorney's fees associated with bringing this motion.

Dated this 11th day of September, 2020.

**PEARSON CHRISTENSEN, PLLP**

/s/ Ronald F. Fischer
Ronald F. Fischer (ND ID #03707)
Daniel L. Gaustad (ND ID #05282)
Joseph E. Quinn (ND ID #06538)
24 North 4th Street - P.O. Box 5758
Grand Forks, ND  58206-5758
Phone:  (701) 775-0521
Fax: (701) 775-0524

rfischer@grandforkslaw.com
dan@grandforkslaw.com
jquinn@grandforkslaw.com
Attorneys for the Valley City Defendants