IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold,<br><br>  Plaintiff,<br><br> -vs-<br><br>City of Valley City,<br>Christopher Olson,<br>Wade Hannig,<br>Barnes County,<br>Barnes County Sheriff Randy McClaflin,<br>Julie Forsman,<br>Jenna Jochim,<br>Richard Chase,<br>Bruce Potts,<br>Jesse Burchill,<br>Barnes County Ambulance, Inc.,<br>National Medical Resources, Inc.,<br>Mercy Hospital of Valley City d/b/a CHI Mercy Health,<br><br>  Defendants. | Civil No. 3:19-cv-79<br><br>**PLAINTIFF'S ANSWERS TO DEFENDANT CITY OF VALLEY CITY, CHRISTOPHER OLSON, & WADE HANNIG'S INTERROGATORIES TO PLAINTIFF (SET I)** |

  For her answers to defendants' interrogatories Plaintiff LuAnne Janssen deposes and states:

**INTERROGATORIES**

  **INTERROGATORY NO. 1:** For each person providing information in response to these Interrogatories, state your full name, birth date, place of birth, address, telephone number, and any other names by which you have ever been known. This request includes individuals who assisted in providing information in response to these Interrogatories.

1

**ANSWER TO INTERROGATORY NO. 1:**

Name:  LuAnne Janssen,
Date / Place of Birth:  November 13, 1942, Mercy Hospital, Valley City, ND
Address:  4750 Lee Circle, Boulder, CO 80303
Telephone Number:  303-443-0299
f/k/a:  LuAnne Lindvold

**INTERROGATORY NO. 2:** Identify and describe each and every document used, reviewed, consulted, or otherwise relied upon in connection with your answers to these Interrogatories.

**ANSWER TO INTERROGATORY NO. 2:  OBJECTION.  This question is beyond the scope of allowable discovery.  The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.  *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992).  This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed.  The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

2

**INTERROGATORY NO. 3:** If you have consulted with or obtained information with reference to these interrogatories from others, identify the person or persons that you consulted, or if you consulted reports or interviewed persons having knowledge that you relied upon in answering these interrogatories, identify the report or person interviewed. For each person identified, give the full name, current residence, telephone number, business addresses, and occupations.

**ANSWER TO INTERROGATORY NO. 3: OBJECTION. This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.** *See, Hickman v. Taylor*, **329 U.S. 495 (1947);** *Shelton v. Am. Motors Corp.*, **805 F.2d 1323 (8th Cir. 1986);** *Simon v. G.D. Searle Co.*, **816 F.2d 397 (8th Cir. 1987); and** *Petersen v. Douglas County Bank Trust Co.*, **967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

**INTERROGATORY NO. 4:** State whether any Defendant made any communications which you intend to rely on as evidence at trial. If so, state the following:

3

a.  the identity of the persons to whom such communication was made;

b.  the identity of all persons present when the communication was made;

c.  the date such communication was made;

d.  the identity of all documents reflecting, referring to, or relating to said communication;

e.  the form of the communication, whether written, oral, by recording device, or to a stenographer; and

f.  whether such communication was written or signed.

**ANSWER TO INTERROGATORY NO. 4: Yes.**

**OBJECTION, AS TO SUBPARTS a-f. This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means. *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being**

**protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

**INTERROGATORY NO. 5:** If you contend admissions were made by the City Defendants relating to any matters alleged in the Amended Complaint, provide the following information:

   a. The name and address of the person or persons to whom each such admission was made;

   b. The date each such admission was made;

   c. Whether the particular admission was written or oral;

   d. The substance of each admission; and

   e. If the admissions are in writing, identify the writing or document containing the admissions.

**ANSWER TO INTERROGATORY NO. 5:   Yes, Valley City defendants made admissions. The admissions are recorded in the documents that have been disclosed by the parties and in the deposition testimony of the defendants.**
**OBJECTION, AS TO SUBPARTS a-e.  This question is beyond the scope of allowable discovery.  The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual**

research, personal beliefs, and other tangible or intangible means.  *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992).  This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed.  The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.

**INTERROGATORY NO. 6:**  Identify by name, address, employer, and field of expertise each and every person whom you expect to or may call as an expert witness at trial, or otherwise use or assist you as an expert, and state the following:

a. The subject matter upon which each such expert is expected to testify;

b. A description of each and every document, letter, note, memorandum, photograph, drawing, video-tape, audio-tape, and tangible thing reviewed by or provided to the expert which relates in any way to the claims made in this lawsuit;

c. The complete statement of and a summary of the grounds for all opinions such expert will express and the basis and reasons for them;

d. All facts or data considered by such expert in forming any of such expert's opinions;

e. Any exhibits that will be used to summarize or support any of such expert's opinions;

f. A complete resume of each such expert's qualifications, including the expert's educational and employment background, together with a list of any articles or other published works which such expert has authored in the previous 10 years;

g. A list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;

h. A statement of the compensation to be paid for the study, opinions and testimony in this case;

i. Whether or not said expert has prepared a written report, and if so, deliver a copy of the report; and

j. Whether or not said expert has been retained to provide any analysis, testimony, expert opinion or other assistance in any other lawsuit, dispute, administrative, civil and/or criminal matter, and if so, describe in detail and not in summary fashion the analysis, testimony, expert opinion or other assistance that was provided and in answering this interrogatory, the name and address of each attorney for all parties involved in such proceeding, the nature of the proceeding, the party who retained the expert, the analysis, testimony, conclusions, or opinions reached and if a document or report was created or otherwise provided by said expert, provide a copy thereof.

**ANSWER TO INTERROGATORY NO. 6:  OBJECTION.  This question is beyond the scope of allowable discovery.  The question requires disclosure of trial preparation material and work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require the disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  The demand requires the disclosure of non-testifying expert opinions and information in violation of Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.  The demand requires the disclosure of testifying experts draft reports or disclosures protected and specifically exempted from discovery by Rules 26(b)(4)(B), 26(b)(4)(C), 26(a)(2), 26(b)(3)(A), and 26(b)(3)(B) of the Federal Rules of**

Civil Procedure. The disclosure of expert witness information is controlled exclusively by Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, along with the Court's August 21, 2019 Order adopting the parties joint Scheduling/Discovery Plan. This demand seeks information that is specifically excluded from discovery by Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure. This demand intentionally violates the Court's Order by demanding information prior to the date established for disclosure by the Court's August 21, 2019 Order and stipulation of all parties. The only purpose of this demand is the defendants' intent to annoy, oppress, and cause undue burden and expense for Plaintiff in violation of Rule 26 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7**: For all visual recordings (photographs, videotapes, motion pictures, x-rays etc.) relating to the subject matter of this action that are known to you, your attorneys, agents, or investigators as having been taken, provide the following information:

a. The general subject matter of the visual recordings and the medium upon which the same were recorded;

b. The name and address of the person(s) taking the visual recordings and the dates upon which the same were taken; and

c. The name and address of the person possessing the visual recordings, and/or copies or negatives of the visual recordings.

**ANSWER TO INTERROGATORY NO. 7:** To the best of my knowledge all visual recordings as defined by this interrogatory were made by the defendants and consist of recordings made by the Valley City police, recordings made at the Barnes County jail, video recordings made by Mercy Hospital and other visual recordings made by Mercy Hospital and Sanford Health related to the medical treatment of Warren Lindvold.

**The inquiring defendants know as much about these visual recording as I do.  Also my attorneys have taken visual recordings of the Barnes County Jail which have previously been produced. My attorneys have requested autopsy photos and video from UND Pathology.  At the time of the signing of these Interrogatories, my attorneys have not yet received the requested materials from UND Pathology.  This answer is subject to supplementation if / when these materials are made available to my attorneys.**

**INTERROGATORY NO. 8**:  Have you, or your attorneys, agents, and investigators taken written or recorded statements of any witnesses or other persons with knowledge of the matters referenced in the Amended Complaint? If so, provide the following information:

a. The name and address of the person giving the statement;

b. The dates of each such statement;

c. The name and address of the person taking each such statement; and

d. The name and address of each person or entity known to possess a copy of any such statements.

**ANSWER TO INTERROGATORY NO. 8:   OBJECTION.  The question seeks the disclosure of privileged work product and would require the disclosure of the mental impressions, conclusions, opinions or legal theories of plaintiff's attorneys protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements,**

9

**memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.**

**INTERROGATORY NO. 9**: State and describe in full and complete detail each and every act and/or omission on the part of the City Defendants which you believe makes the City Defendants responsible for the relief sought in the Amended Complaint, and as to each and every act and/or omission state the following:

a. The person(s) performing or failing to perform it;

b. The exact date and time you contend it was or was not performed;

c. The circumstances under which you contend it was or was not performed;

d. The specific manner in which you contend it led to or resulted in the death of Warren Lindvold, and the relief sought in your Amended Complaint; and

e. What you contend should or should not have been done instead.

**ANSWER TO INTERROGATORY NO. 9:  OBJECTION.  The question seeks the disclosure of privileged work product and would require the disclosure of the mental impressions, conclusions, opinions or legal theories of plaintiff's attorneys protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.**

**INTERROGATORY NO. 10:** Describe in detail, all the damages, losses, and expenses (including economic and non-economic damages alleged in the Amended Complaint) you are seeking against each of the City Defendants, including the factual basis underlying such alleged damages, losses, and expenses, how you calculated such damages, losses, and expenses, and the nature of said damages, losses, property, and expenses, and describe in detail and not in summary fashion each and every invoice, bill, order, change order, memorandum, check, authorization for payment, or other document of any kind whether written or electronic which you claim supports your claim for damage, losses, and expenses.

**ANSWER TO INTERROGATORY NO. 10:** **See Plaintiff's Rule 26 Disclosures concerning economic damages including medical expenses and funeral expenses.**

**OBJECTION.  This question is beyond the scope of allowable discovery.  The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.  Noneconomic damages are damages arising from pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss or illness, loss of society and companionship, loss of consortium, injury to reputation, humiliation, and other nonpecuniary damage.  The determination of damages for pain and suffering and comparable losses is not susceptible of an arithmetical**

calculation. Its ascertainment must, to a large degree, depend upon the common knowledge, good sense, and practical judgment" of the factfinder. *Albrecht v. Metro Area Ambulance,* 2001 ND 61, ¶ 12; *Dahlen v. Landis,* 314 N.W.2d 63, 68 (N.D.1981). *See also Reisenauer v. Schaefer,* 515 N.W.2d 152, 157 (N.D.1994).

**INTERROGATORY NO. 11**: Please identify in detail, and not in summary fashion, any compromise, settlement, or resolution entered into related to any claim made in your Amended Complaint against any person or entity by stating the name of the person, persons, entity or entities who are party to the compromise, settlement, or resolution and the terms and conditions of the compromise, settlement, or resolution.

**ANSWER TO INTERROGATORY NO. 11:** None.

**INTERROGATORY NO. 12**: As a result of the injuries alleged in your Amended Complaint to have been suffered, list the name and address of every person or institution which has provided goods or services resulting in expense to you or Warren Lindvold (whether paid directly by you or Warren Lindvold or on your behalf or Warren Lindvold's behalf), whether it be for medical supplies, hospital, medical, chiropractic or rehabilitation services, or any other type of goods or services provided to you or Warren Lindvold or for your or Warren Lindvold's benefit; and, for each, indicate the approximate date or dates on which the goods, services or supplies were provided, the amount charged by the provider, the amount which has been paid, and if payment has been made by someone other than yourself, the identity of the person or institution which has made payment.

**ANSWER TO INTERROGATORY NO. 12:** See Plaintiff's Rule 26 Disclosures.

**INTERROGATORY NO. 13:** For the period from and after July 1, 2008 to the present date, identify any and all physicians, medical personnel, hospitals, medical facilities,

psychologists, psychiatrists, mental health personnel, mental health facilities, addiction counselors, addiction treatment facilities, or any other person or facility that treated, examined, or otherwise had contact with Warren Lindvold relating or pertaining in any way to Warren Lindvold's physical and/or mental condition, and/or treatment of any disease, addiction, and/or condition Warren Lindvold may have suffered from, the diagnosis thereof and/or the prognosis thereof. For each, identify and describe the dates of treatment; nature of treatment; diagnosis; medications prescribed or otherwise recommended; and any recommendation for ongoing treatment.

**ANSWER TO INTERROGATORY NO. 13:  Mercy Hospital; Sanford Medical Clinic (mainly Dr. Buhr); Professional Eye Care, 200 Central Ave. N., Suite F, Valley City, ND; Loosyen I Care, 1230 West Main, Valley City, ND; and Bridge City Dentistry, 2020 Central Ave. S. #1, Valley City, ND.  The name of specific providers, dates and nature of treatment, and any diagnosis will be apparent in the medical records.  Plaintiff has signed release forms for these facilities – See Response to Request #2.**

**INTERROGATORY NO. 14:**  Please identify the following information concerning Warren Lindvold's employment:

a. Whether Warren Lindvold was employed at the time of the incident complained of in Plaintiff's Amended Complaint, and if so, by whom;

b. The inclusive dates of employment, and if employment was terminated, for what reason;

c. Warren Lindvold's job title;

d. The names and address of all of Warren Lindvold's employers for the ten years preceding his death.

13

    e.    The names and address of all of Warren Lindvold's employees for the ten years preceding his death.

    f.    The names and address of all of the persons, either through any entity or sole proprietorship, Warren Lindvold farmed in connection with for the ten years preceding his death.

**ANSWER TO INTERROGATORY NO. 14:**

    **a. Defendant was self-employed as a Farmer.**

    **b. Not applicable.**

    **c. Not applicable.**

    **d. Not applicable.**

    **e. Not applicable.**

    **f. Not applicable.**

**INTERROGATORY NO. 15:** State whether Warren Lindvold received any income from investments, retirement, social security, gifts and bequests, or other sources during the ten-year period prior to his death, and if so, set forth:

    a.    The source and dates of such income; and

    b.    The amounts of said income, year by year.

**ANSWER TO INTERROGATORY NO. 15: Federal and State income tax have already been provided for tax years 2014 through 2018 and contain Warren's income information. Plaintiff has signed a request for Transcript of Tax Return – See Response to Request #1.**

**INTERROGATORY NO. 16:** Please identify by name and address any and all banking or other financial institutions Warren Lindvold did business or had accounts with during the ten (10) years preceding and up to his death and provide the account numbers for each account.

**ANSWER TO INTERROGATORY NO. 16:  Will Supplement.**

**INTERROGATORY NO. 17:** State the amounts spent by Warren Lindvold in each of the three years preceding his death for the following categories of expenses:

    a.    Rent, mortgage, and general upkeep of a residence;

    b.    Food;

    c.    Clothing;

    d.    Transportation;

    e.    Entertainment;

    f.    Taxes;

    g.    Interest; and

    h.    Habits, hobbies, and other personal expenses.

**ANSWER TO INTERROGATORY NO. 17:  Unknown.**

**INTERROGATORY NO. 18:** Identify the total amount of all expenses, including medical bills, burial and funeral expenses, which were paid or incurred as a result of the death of Warren Lindvold.  List in detail each item of such expense, the date and manner of payment, the name of each person paying such expense or any part thereof, and the name and address of each person to whom payment was made.

**ANSWER TO INTERROGATORY NO. 18:  See Plaintiff's Rule 26 Disclosures and responses to your Interrogatories number 10 and 12.**

**INTERROGATORY NO. 19:** Identify each person that contributed to the support or maintenance of Warren Lindvold. For each person so identified, give the names and addresses, their relationship to Warren Lindvold, and the amount contributed to Warren Lindvold each year during the ten-year period prior to his death.

**ANSWER TO INTERROGATORY NO. 19:** Warren Lindvold supported himself.

**INTERROGATORY NO. 20:** State the names, addresses, relationship to Warren Lindvold, and the dates of birth of all persons who claim to have been dependent in whole or in part upon Warren Lindvold for their support, maintenance or education at the time of his death.

**ANSWER TO INTERROGATORY NO. 20:** No one was dependant on Warren Lindvold for their support, maintenance or education.

**INTERROGATORY NO. 21:** Have You or Warren Lindvold ever been involved as a plaintiff in any other lawsuit? If so, set forth the nature of the lawsuit, the venue, the docket number, the type of the case and the outcome.

**ANSWER TO INTERROGATORY NO. 21:** I am unaware of any lawsuits in which Warren was involved in.

**INTERROGATORY NO. 22:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 88 of your Complaint that "Defendants Olson and Hannig were aware that Warren Lindvold had pre-existing physical limitations because of his arthritis and ankylosing spondylitis and that handcuffing Warren Lindvold's hands behind his back had caused Warren Lindvold immediate significant pain."

**ANSWER TO INTERROGATORY NO. 22: OBJECTION. This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of**

**the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.** *See, Hickman v. Taylor*, **329 U.S. 495 (1947);** *Shelton v. Am. Motors Corp.*, **805 F.2d 1323 (8th Cir. 1986);** *Simon v. G.D. Searle Co.*, **816 F.2d 397 (8th Cir. 1987); and** *Petersen v. Douglas County Bank Trust Co.*, **967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

**INTERROGATORY NO. 23:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 116 of your Complaint that "Defendants Olson and Hannig were aware of Warren Lindvold's condition and need for medical attention."

**ANSWER TO INTERROGATORY NO. 23: OBJECTION. This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.** *See,*

*Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.

**INTERROGATORY NO. 24:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 196 of your Complaint that "[t]he conduct of Defendants Hannig and Olson was intentional, wrongful, deceitful, grossly negligent, and resulted in Warren Lindvold suffering fatal and non-fatal injuries, and delayed and deprived him of medical care and assistance when the timing of such care was of critical importance."

**ANSWER TO INTERROGATORY NO. 24: OBJECTION:** This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means. *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th

18

**Cir. 1986);** *Simon v. G.D. Searle Co.*, **816 F.2d 397 (8th Cir. 1987); and** *Petersen v. Douglas County Bank Trust Co.*, **967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

**INTERROGATORY NO. 25:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 234 of your Complaint that "Defendants Hannig and Olson falsely represented that Warren Lindvold had been medically cleared and was suitable for continued incarceration."

**ANSWER TO INTERROGATORY NO. 25: OBJECTION. This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.** *See, Hickman v. Taylor*, **329 U.S. 495 (1947);** *Shelton v. Am. Motors Corp.*, **805 F.2d 1323 (8th Cir. 1986);** *Simon v. G.D. Searle Co.*, **816 F.2d 397 (8th Cir. 1987); and** *Petersen v. Douglas County Bank Trust Co.*, **967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been**

**disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

Dated this _____ day of June, 2020.

_____
LuAnne Janssen
Personal Representative for the Estate of Warren S. Lindvold

STATE OF _____ )
) ss
COUNTY OF _____ )

Oh the _____ day of June, 2020, before me personal appeared LuAnne Janssen, know to me to be the same person described in and who executed the within and foregoing instrument and acknowledged to me that she executed the same.

_____
(SEAL)                                                          Notary Public
My Commission Expires:

AS TO FORM AND OBJECTIONS ONLY:

Dated: June 12, 2020                                   Dated: June 12, 2020

*/s/ Alan Baker*                                              */s/ Rachel M. Gehrig*
Alan Baker (ND ID 04122)                        Rachel M. Gehrig (ND ID 06968)
Southwood Plaza, Ste. 202                       Cash H. Aaland (ND ID 04686)
1336 25th Ave. S.                                       Aaland Law Office
Fargo, ND 58103                                         415 11th St. S.
701-630-1846                                               Fargo, ND 58103
al@elawpros.com                                       701-232-7944
*Attorney for Plaintiff*                                 officemanger@aalandlaw.com
                                                                    *Attorneys for Plaintiff*