IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold,<br><br>  Plaintiff,<br><br> -vs-<br><br>City of Valley City,<br>Christopher Olson,<br>Wade Hannig,<br>Barnes County,<br>Barnes County Sheriff Randy McClaflin,<br>Julie Forsman<br>Jenna Jochim,<br>Richard Chase,<br>Bruce Potts,<br>Jesse Burchill,<br>Barnes County Ambulance, Inc.,<br>National Medical Resources, Inc.,<br>Mercy Hospital of Valley City d/b/a CHI Mercy Health,<br><br>  Defendants. | Civil No. 3:19-cv-79<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT CITY OF VALLEY CITY, CHRISTOPHER OLSON, & WADE HANNIG'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF (SET I)** |

  For her responses to defendants' requests for production of documents Plaintiff LuAnne Janssen states as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** Produce all documents relating to, identified, described, or used to answer the foregoing Interrogatories. To the extent documents have already been produced through Rule 26(a)(1) Disclosures, please refer to responsive documents by bates-number.

**RESPONSE TO REQUEST NO. 1: OBJECTION. This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and**

1

attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.  *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992).  This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed.  The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.

**REQUEST NO. 2:**  With respect to each and every paragraph and/or allegation set forth in your Amended Complaint, produce all documents relating to such paragraphs and/or allegations.

**RESPONSE TO REQUEST NO. 2:  OBJECTION.**  This question is beyond the scope of allowable discovery.  The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the

information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.  *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992).  This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed.  The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.

**REQUEST NO. 3:** Produce all documents that may be utilized by you during any depositions or that may be used at trial.

**RESPONSE TO REQUEST NO. 3:  OBJECTION.**  This question is beyond the scope of allowable discovery.  The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys.  Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.  *See, Hickman v. Taylor*, 329 U.S. 495 (1947); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986); *Simon v. G.D. Searle Co.*, 816 F.2d 397 (8th Cir. 1987); and *Petersen v. Douglas*

*County Bank Trust Co.*, 967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected. Pretrial disclosures related to trial witnesses, use of deposition testimony at trial and trail exhibits is controlled exclusively by Rules 26(a)(3) of the Federal Rules of Civil Procedure, along with the Court's August 21, 2019 Order For Final Pretrial Conference. This demand seeks information that is specifically excluded from discovery by Rules 26(a)(3) of the Federal Rules of Civil Procedure. This demand intentionally violates the Court's Order For Final Pretrial Conference by demanding information prior to the date established for disclosure by the Court's August 21, 2019 Order For Final Pretrial Conference. The only purpose of this demand is the defendants' intent to annoy, oppress, and cause undue burden and expense for Plaintiff in violation of Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST NO. 4:** Produce all documents which you believe supports the factual basis to calculate the amount of damages that you are requesting in your Amended Complaint.

**RESPONSE TO REQUEST NO. 4: OBJECTION.** This question is beyond the scope of allowable discovery. The question requires disclosure of trial preparation material and attorney work product protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure and would necessarily require disclosure of the mental impressions, conclusions, opinions and legal theories of plaintiff's attorneys. Disclosure of the requested information necessarily requires disclosure of legal counsel's work product consisting of the information they have assembled including their case strategies that they have pursued or

**adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, personal beliefs, and other tangible or intangible means.** *See, Hickman v. Taylor*, **329 U.S. 495 (1947);** *Shelton v. Am. Motors Corp.*, **805 F.2d 1323 (8th Cir. 1986);** *Simon v. G.D. Searle Co.*, **816 F.2d 397 (8th Cir. 1987); and** *Petersen v. Douglas County Bank Trust Co.*, **967 F.2d 1186 (8th Cir. 1992). This objection is not subject to the requirements of Rule 26(b)(5)(A)(ii) because all documents requested have previously been disclosed. The categorization or organization of the disclosed documents is the work product being protected and listing the documents would reveal the attorneys' mental impressions, conclusions, opinions and legal theories that must be protected.**

<u>**REQUEST NO. 5**</u>:  Produce a copy of each federal tax return filed by or on behalf of Warren Lindvold for the 5 years preceding death.

<u>**RESPONSE TO REQUEST NO. 5:**</u>  **The documents requested have already been disclosed to defendants.  See Plaintiff's Disclosures Bates Stamped 003698 – 003862.**

<u>**REQUEST NO. 6**</u>:   Please execute the IRS Form 4506 – Request for Copy of Tax Return attached hereto as Exhibit 1.

<u>**RESPONSE TO REQUEST NO. 6:**</u>  **Plaintiff has signed the requested authorizations.**

<u>**REQUEST NO. 7**</u>: Provide and produce an executed Authorization for Disclosure of Protected Health Information form attached hereto as Exhibit 2 for each physician, medical provider, hospital, medical facility, psychologist, psychiatrist, mental health provider, mental health facility, or any other person or facility identified in Interrogatories Nos. 11 and 12.

<u>**RESPONSE TO REQUEST NO. 7:**</u>  **Plaintiff has signed the requested authorizations.**

**REQUEST NO. 8:**  Provide and produce an executed authorization to release employment records in the form attached hereto as Exhibit 3 for each of Warren Lindvold's employers identified in response to Interrogatory No. 14.

**RESPONSE TO REQUEST NO. 8:  Plaintiff has signed the requested authorizations.**

**REQUEST NO. 9:**  Provide and produce an executed authorization to release the social security earnings of Warren Lindvold by executing the Request for Social Security Earnings Information, form SSA 7050-F4, in the form attached hereto as Exhibit 4.

**RESPONSE TO REQUEST NO. 9:  Plaintiff has signed the requested authorizations.**

**REQUEST NO. 10:**  Provide and produce an executed authorization to release the social security disability records of Warren Lindvold by executing the Consent for Release of Information, form SSA 3288, in the form attached hereto as Exhibit 5.

**RESPONSE TO REQUEST NO. 10:  Plaintiff has signed the requested authorizations.**

**REQUEST NO. 11:**  Produce all documents in your possession from the Valley City American Legion from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**RESPONSE TO REQUEST NO. 11:  Unknown at this time, this response is subject to supplementation.**

**REQUEST NO. 12:**  Produce all documents in your possession from the NuBar in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**RESPONSE TO REQUEST NO. 12:  Unknown at this time, this response is subject to supplementation.**

**REQUEST NO. 13:**  Produce all documents in your possession from My Bar in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**RESPONSE TO REQUEST NO. 13:** **Unknown at this time, this response is subject to supplementation.**

**REQUEST NO. 14:** Produce all documents in your possession from the Bridges Bar and Grill in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**RESPONSE TO REQUEST NO. 14:** **Unknown at this time, this response is subject to supplementation.**

**REQUEST NO. 15:** Produce all documents in your possession from the Labor Club Bar in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**RESPONSE TO REQUEST NO. 15:** **Unknown at this time, this response is subject to supplementation.**

Dated this _____ day of June, 2020.

                                                  _____
                                                  LuAnne Janssen
                                                  Personal Representative for the Estate of Warren S. Lindvold

STATE OF _____ )
                                             ) ss
COUNTY OF _____ )

Oh the _____ day of June, 2020, before me personal appeared LuAnne Janssen, know to me to be the same person described in and who executed the within and foregoing instrument and acknowledged to me that she executed the same.

                                                  _____
(SEAL)                                      Notary Public
                                                  My Commission Expires:

AS TO FORM AND OBJECTIONS ONLY:

Dated: June 12, 2020                                  Dated:  June 12, 2020

*/s/ Alan Baker*                                      */s/ Rachel M. Gehrig*
Alan Baker (ND ID 04122)                              Rachel M. Gehrig (ND ID 06968)
Southwood Plaza, Ste. 202                             Cash H. Aaland (ND ID 04686)
1336 25th Ave. S.                                Aaland Law Office
Fargo, ND 58103                                       415 11th St. S.
701-630-1846                                          Fargo, ND 58103
al@elawpros.com                                       701-232-7944
*Attorney for Plaintiff*                              officemanger@aalandlaw.com
                                                      *Attorneys for Plaintiff*