IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 3:19-cv-00079

| | |
|---|---|
| LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Valley City,<br>Christopher Olson,<br>Wade Hannig,<br>Barnes County,<br>Barnes County Sheriff Randy McClaflin,<br>Jenna Jochim,<br>Julie Forsman,<br>Richard Chase,<br>Bruce Potts,<br>Jesse Burchill,<br>Barnes County Ambulance, Inc.,<br>National Medical Resources, Inc.,<br>Mercy Hospital of Valley City d/b/a CHI Mercy Health,<br><br>    Defendants. | **BRIEF IN SUPPORT OF BARNES COUNTY DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FULLY RESPOND TO BARNES COUNTY DEFENDANTS' DISCOVERY REQUESTS** |

\*\*\*     \*\*\*     \*\*\*

## I. INTRODUCTION & FACTUAL BACKGROUND

Defendants Barnes County, Barnes County Sheriff Randy McClaflin, Jenna Jochim, Julie Forsman, Richard Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance (hereinafter "County Defendant"), have filed a *Motion to Compel* the plaintiff to fully and completely respond to the following interrogatories and requests for production of documents (hereinafter "discovery requests") served upon the plaintiff on May 19, 2020:

  A.  Interrogatories 5, 6, and 13

  B.  Request for Production 24 and 28.

The County Defendants submit this brief in support of their *Motion to Compel*, and in conjunction with the Valley City Defendants' *Motion to Compel*. The facts are succinctly laid out in the Valley City Defendants' *Brief*. The discovery requests identified by the County Defendants in this *Motion*, mirror those of the Valley City Defendants' in that, they are seeking the "who, what, when and where" of the alleged wrongdoing of the County Defendants.

The County Defendants join the Valley City Defendants in arguing the plaintiff's assertions of the attorney work product privilege are an overly broad abuse of the privilege, and without merit.

## II. ARGUMENT

The Valley City Defendants do an excellent job summarizing the scope of the attorney work product privilege, and the impact of Hickman v. Taylor, 329 U.S. 495 (1947). In the interest of judicial economy, the County Defendants will not waste the Court's time, and will incorporate the Valley City Defendants' arguments into this brief.

The County Defendants note that Janssen objected to 25 of the 44 discovery requests served by the County Defendants, or approximately 57%. The County Defendants bring their *Motion to Compel* regarding 9 discovery requests, or 20% of the total discovery requests served by the County Defendants. The County Defendants believe that when this Court examines these requests, it will be clear that the attorney work product privilege is being used to thwart valid discovery requests. Janssen appears to have simply copy and pasted the same form objection to the County Defendants discovery requests, whether applicable or not.

### A. Interrogatories

County Defendants' Interrogatories Nos 5, 6 and 13 all revolve around a central theme -- requesting Plaintiff provide the basis (be it the specific acts, the specific parties, or the specific

polices or practices) behind its claims. The County Defendants are seeking facts through these interrogatories, not attorney work product.

Interrogatory No. 5 asks:

State and describe in full and complete detail each and every act and/or omission on the part of any named Defendant, and/or its representatives, and/or agents which you believe constitutes any act of negligence on their part which caused or contributed to the alleged injuries of you and the deceased Warren Lindvold. With regard to each act and/or admission, please state what you believe should or should not have been done instead by said named Defendant; the specific manner in which you believe such altered performance would have been non-negligent; whether you believe the performance of the act and/or omission violated any applicable standard of care or performance, and if so, what is the standard of care and/or performance; whether such standard is codified in statute by this jurisdiction; and what specific statutory or regulatory standard, if any, has been violated.

Interrogatory No. 6 asks:

Do you believe that any named Defendant violated any city, county, or department policies, customs, or practices? If so, please include the policy, custom, or practice violated; by whom; date in which policy, custom, or practice was violated; and specify in detail the actions or inaction of said named Defendant that violated the policy, custom, or practice.

Interrogatory No. 13 asks:

State and describe in full and complete detail, each act and/or admission on the part of Barnes County Defendants which you believe constitutes an act of assault, battery, negligence, or false imprisonment on the part of said defendant. With regard to each act and/or admission, state what you believe should or should not have been done instead by said defendant, its representatives, employees, and/or agents.

As previously stated, these interrogatories center around a central issue – requesting additional facts and information as to Plaintiff's claims. These interrogatories are substantially similar to those interrogatories that are the focus of the Valley City Defendants' *Motion to Compel* and accompanying *Brief in Support*. Though not identical, similar language is used in the interrogatories, and the various form objections used by Plaintiff are identical.

Plaintiff provided no answer to interrogatories 5, 6, and 13, objecting on the basis that they seek the disclosure of privileged work product. This is not the case. Like the Valley City Defendants, the County Defendants are seeking discoverable information. The County Defendants are not seeking the disclosure of work product, rather, the County Defendants are seeking the disclosure of facts.

"The attorney-client privilege protects communications between attorney and client, not facts." Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436, 439 (D. Kan. 1987). "Facts relevant to the case are not ordinary or opinion work product of an attorney. The disclosure of relevant facts does not necessarily reveal the origin of the facts or how, why, and by whom certain facts upon which defendants rely were selected." Mead Corp. v. Riverwood Nat. Res. Corp., 145 F.R.D. 512, 518 (D. Minn. 1992). A defendant "may properly inquire about the factual basis for plaintiff's allegations and the documents plaintiff intends to use in support of those allegations." Jacobs v. N. King Shipping Co., No. CIV A. 97-0772, 1997 WL 671664, at *1 (E.D. La. Oct. 24, 1997).

The County Defendants, like the Valley City Defendants, are seeking the factual basis behind Plaintiff's many allegations. The County Defendants therefore join the Valley City Defendants' *Motion*, and incorporate the Valley City Defendants' brief and arguments into this brief.

**B.     Request for Production**

Likewise, the County Defendants requests for production are also seeking discoverable information, and Plaintiffs' objections are misplaced. Specifically, the County Defendants request this Court compel Plaintiffs to provide documents responsive to Request Nos. 24 and 28. Request No. 24 requests:

> Any and all documents which it is contemplated will be offered in support of your claim in this action.

Request No. 28 requests:

> Copies of any and all documentation you have obtained in support of your claim in this action from any governmental entity, including but not limited to, the State of Norht Dakota and/or any County or City.

Again, while not identical to those requests for production that provide the basis for the Valley City Defendants' *Motion*, the County Defendants believe these requests for production are substantially similar in theme and scope to those of the Valley City Defendants. The County Defendants seek the documentation evidencing the facts used to support Plaintiff's claims. As with the interrogatories, these requests seek facts, not work product. These requests are not for internal documents or memoranda produced by Plaintiff's counsel. Rather, these requests are for the factual documents upon which Plaintiff stakes their claim. This is not work product. Plaintiff "may not shield, from legitimate discovery, the information which underlies the Plaintiffs' allegations and claims." In re Grand Casinos, Inc., 181 F.R.D. 615, 622 (D. Minn. 1998). Obviously, forms of this information can become privileged – when they are organized into a chart or compilation of facts generated at the specific request of the counsel, the underlying facts that were generated for that chart of compilation of facts cannot be protected by a blanket claim of privilege. Id.

Once again, in the interest of judicial economy, the County Defendants incorporate by reference the arguments made by the Valley City Defendants in support of their own *Motion to Compel*. The County Defendants believe the requests for production that form the basis for their *Motion* are substantially similar to the requests that form the basis for the Valley City Defendants' *Motion*, and thus, those arguments are applicable here as well.

## III. CONCLUSION

Plaintiff's failure to answer the above quoted interrogatories and requests for production violates the rules of discovery. The County Defendants are not seeking work product, as Plaintiff alleges. Rather, the County Defendants are seeking the facts of this case, and Plaintiff is preventing the County Defendants from obtaining legitimate discoverable information. The County Defendants respectfully request that this court exercise its authority, and issue an order:

1. Granting the County Defendants' *Motion to Compel*;

2. Directing the plaintiff to provide full, complete, and substantive responses to the County Defendants' Interrogatories 5, 6, and 13;

3. Directing the plaintiff to provide complete and substantive responses to the County Defendants document requests 24, and 28, and providing all of the requested documents;

4. Awarding the County Defendants their reasonable attorney fees incurred in bringing this motion to compel, in an amount to be determined following the Court's decision with respect to this motion.

Dated this 11th day of September, 2020.

By /s/ Scott K. Porsborg
Scott K. Porsborg (ND ID No: 04904)
sporsborg@smithporsborg.com
Brian D. Schmidt (ND ID No: 07498)
bschmidt@smithporsborg.com
Barnes County Special Assistant State's Attorneys
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorney for Defendants, Barnes County, Barnes County Sheriff Randy McClaflin, Julie Forsman, Jenna Jochim, Richard


Chase, Bruce Potts, Jesse Burchill, and Barnes County Ambulance, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2020, a true and correct copy of the foregoing **BRIEF IN SUPPORT OF BARNES COUNTY DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FULLY RESPOND TO BARNES COUNTY DEFENDANTS' DISCOVERY REQUESTS** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ATTORNEYS FOR PLAINTIFF, LUANNE JANSSEN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WARREN S. LINDVOLD

| | |
|---|---|
| Cash H. Aaland | cash@aalandlaw.com |
| Rachel M. Gehrig | rachel@aalandlaw.com |
| Attorneys at Law | officemanager@aalandlaw.com |
| P.O. Box 1817 | |
| Fargo, ND 58107-1817 | |

| | |
|---|---|
| Al Baker | al@elawpros.com |
| Attorney at Law | |
| 1336 25th Avenue South | |
| Southwood Plaza, Ste. 202 | |
| Fargo, ND 58103 | |

ATTORNEYS FOR DEFENDANTS, CITY OF VALLEY CITY, CHRISTOPHER OLSON, AND WADE HANNIG

| | |
|---|---|
| Daniel L. Gaustad | dan@grandforkslaw.com |
| Ronald F. Fischer | rfischer@grandforkslaw.com |
| Joseph E. Quinn | jquinn@grandforkslaw.com |
| Attorneys at Law | |
| P.O. Box 5758 | |
| Grand Forks, ND 58206-5758 | |

ATTORNEYS FOR DEFENDANT, NATIONAL MEDICAL RESOURCES, INC.

| | |
|---|---|
| Michael C. Waller | mwaller@crowleyfleck.com |
| Benjamin J. Sand | bsand@crowleyfleck.com |
| Attorneys at Law | |
| P.O. Box 2798 | |
| Bismarck, ND 58502-2798 | |

ATTORNEYS FOR DEFENDANT, MERCY HOSPITAL OF VALLEY CITY D/B/A CHI MERCY HEALTH

Tracy Vigness Kolb                                          tkolb@meagher.com
Attorney at Law
1900 Burnt Boat Drive, Suite 101
Bismarck, ND 58503

Besse H. McDonald                                           bmcdonald@meagher.com
Attorney at Law
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402


By /s/ Scott K. Porsborg
    SCOTT K. PORSBORG