IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold,<br><br>   Plaintiff,<br><br> -vs-<br><br>City of Valley City,<br>Christopher Olson,<br>Wade Hannig,<br>Barnes County,<br>Barnes County Sheriff Randy McClaflin,<br>Jenna Jochim,<br>Richard Chase,<br>Bruce Potts,<br>Jesse Burchill,<br>Barnes County Ambulance, Inc.,<br>National Medical Resources, Inc.,<br>Mercy Hospital of Valley City d/b/a CHI Mercy Health,<br><br>   Defendants. | Civil No. 3:19-cv-79<br><br>**DEFENDANT CITY OF VALLEY CITY, CHRISTOPHER OLSON, & WADE HANNIG'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF (SET I)** |

  **PLEASE TAKE NOTICE** that Defendants City of Valley City, Christopher Olson & Wade Hannig, (hereinafter "City Defendants") in the above-captioned case, by and through their duly authorized and undersigned counsel, require that Plaintiff, LuAnne Janssen, as Personal Representative of the Estate of Warren S. Lindvold, (hereinafter "Plaintiff") answer the following Interrogatories and produce the requested documents pursuant to Rules 26, 33, and 34 of the *Federal Rules of Civil Procedure* within thirty (30) days after service hereof. Please note the enclosed Interrogatories and Document Requests are regarded as continuing and obligate Plaintiff to supplement her responses in the event additional information is obtained in the future. Please note the enclosed Interrogatories and Document Requests bind Plaintiff to provide any and all information possessed or accessible by her, her attorneys, agents, and experts which is discoverable pursuant to the *Federal Rules of Civil Procedure.*

Page 1 of 15

## INSTRUCTIONS AND DEFINITIONS

A.     As used herein, the word "documents" refers to and includes any records, writings, and other tangible things (including the original, all copies, and all drafts) which are currently or have been in your custody, possession, or control, or to which you or your agents, attorneys, or other persons acting or purporting to act on your behalf had or have access to or can otherwise obtain access to – whether typewritten, printed, recorded in any form, written, or produced by hand or reproduced by any process – including, but not limited to, letters, agreements, letter agreements, purchase agreements, deeds, bills of sale, contracts for deed or sale, documents of title, documents of purchase, closing documents, promissory notes, mortgages, financing statements, security agreements, bills of lading, correspondence, telegrams, memoranda, notes, summaries, or records of oral conversations (by telephone or in person), diaries, calendars, contracts, logs, financial work papers, accounting work papers, bookkeeping work papers, invoices, receipts, cancelled checks, statements, financial statements, tape recordings, photographs, motion pictures, videotapes, statistical statements, maps, graphs, charts, plans, drawings, diagrams, minutes or memoranda of meetings, minutes or records of conferences, reports, opinions or reports of any experts of any sort, appraisals, records, reports, or summaries of any documents, original summaries of investigations, drafts of any documents, revisions of drafts of any documents, original or preliminary notes, any other tangible things, all other writings or records of any kind, including all data stored by electronic or mechanical means and printouts of data stored by electronic or mechanical means.  All references to "documents" in the plural number shall include the singular, and vice versa.

B.     As used herein, the term "you" or "your" or "Plaintiff" or "Estate of Warren S. Lindvold" shall mean LuAnne Janssen, and shall also include any and all heirs, successors, assigns, and current and former employees, officers, directors, agents, partners, shareholders,

members, attorneys, investigators, experts, and any and all other persons acting or purporting to act for or on behalf of Plaintiff.

  C. As used herein, the term "decedent" or "Warren Lindvold" or "Warren" or "Lindvold" shall mean Warren S. Lindvold, and shall also include any and all heirs, devisee, former employees, officers, directors, agents, partners, shareholders, members, attorneys, investigators, experts, and any and all other persons acting or purporting to act for or on behalf of Warren S. Lindvold.

  D. As used herein, the term "City Defendants" shall mean Defendants City of Valley City, Christopher Olson & Wade Hannig and shall also include any and all current and former employees, officers, directors, agents, partners, shareholders, members, attorneys, investigators, experts, and any and all other persons acting or purporting to act for or on behalf of the City Defendants.

  E. As used herein, the term "person" shall include, but shall not be limited to, an individual, an association, a corporation, a partnership, a limited liability company, a joint venture, a governmental body, and any other entity. All references to "person" in the singular number include the plural number, and vice versa. All references to "person" in the masculine gender shall include the feminine and neuter genders.

  F. As used herein, the term "relating to" shall mean relating to, referring to, relevant to, pertaining to, consisting of, reflecting, evidencing, concerning, or in any way logically or factually connected with the matter discussed.

  G. As used herein, the term "communication" shall mean any and all forms of transmitting, of sending, giving, receiving and/or sharing of information, of knowledge, thoughts, ideas, opinions, statements, questions, answers, or other things by and between

persons, in any form, whether in person, in writing, by e-mail, facsimile, telephone, cell phone, text message, instant message, by document or otherwise.

H.  As used herein, the term "identify" or "identity" when used in reference to a person means to state his/her/its full name, present home and business or work address, and present home and business or work telephone number.

I.  If you are asked to "identify" a document, then also specify:

1. Its nature (e.g., letter, memorandum, report, etc.);
2. The date it bears or, if undated, the date it was written or created;
3. The identity of the person(s) who wrote it or created it;
4. The identity of the person(s) who received it;
5. Its general subject matter; and
6. Its present or last known location and custodian.

In answering an Interrogatory regarding the "identity" of a document, <u>you do not need to specify the above items if, in lieu of such specification, you supply a legible copy of the document pursuant to the demand for production below.</u>

J.  The term "claim" or "claims" when used in these interrogatories means all allegations, defenses, or other assertions set forth in the pleadings, including your complaint, amended complaint, all answers, any third-party complaint(s), third-party answers and any cross-claims and counterclaims.

K.  The term "Amended Complaint" shall mean your amended complaint filed with the Court as ECF 46.

L.  Any document responsive to this request which, nonetheless, is not produced by reason of a claim of privilege, confidentiality, work product, or for any other reason shall be identified by date; author(s); recipient(s); general subject matter; identity of persons to whom the contents of the document have already been revealed; the identity of the person now in

possession or control of the document or copies thereof; and the basis on which the document is being withheld.

    M.    Where there are several copies of one document with different notations, each copy shall be produced as if it were a separate document.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each person providing information in response to these Interrogatories, state your full name, birth date, place of birth, address, telephone number, and any other names by which you have ever been known. This request includes individuals who assisted in providing information in response to these Interrogatories.

**INTERROGATORY NO. 2:** Identify and describe each and every document used, reviewed, consulted, or otherwise relied upon in connection with your answers to these Interrogatories.

**INTERROGATORY NO. 3:** If you have consulted with or obtained information with reference to these interrogatories from others, identify the person or persons that you consulted, or if you consulted reports or interviewed persons having knowledge that you relied upon in answering these interrogatories, identify the report or person interviewed. For each person identified, give the full name, current residence, telephone number, business addresses, and occupations.

**INTERROGATORY NO. 4:** State whether any Defendant made any communications which you intend to rely on as evidence at trial. If so, state the following:

    a.    the identity of the persons to whom such communication was made;

    b.    the identity of all persons present when the communication was made;

    c.    the date such communication was made;

    d.    the identity of all documents reflecting, referring to, or relating to said communication;

    e. the form of the communication, whether written, oral, by recording device, or to a stenographer; and

    f. whether such communication was written or signed.

**INTERROGATORY NO. 5:** If you contend admissions were made by the City Defendants relating to any matters alleged in the Amended Complaint, provide the following information:

    a. The name and address of the person or persons to whom each such admission was made;

    b. The date each such admission was made;

    c. Whether the particular admission was written or oral;

    d. The substance of each admission; and

    e. If the admissions are in writing, identify the writing or document containing the admissions.

**INTERROGATORY NO. 6:** Identify by name, address, employer, and field of expertise each and every person whom you expect to or may call as an expert witness at trial, or otherwise use or assist you as an expert, and state the following:

    a. The subject matter upon which each such expert is expected to testify;

    b. A description of each and every document, letter, note, memorandum, photograph, drawing, video-tape, audio-tape, and tangible thing reviewed by or provided to the expert which relates in any way to the claims made in this lawsuit;

    c. The complete statement of and a summary of the grounds for all opinions such expert will express and the basis and reasons for them;

    d. All facts or data considered by such expert in forming any of such expert's opinions;

    e. Any exhibits that will be used to summarize or support any of such expert's opinions;

    f. A complete resume of each such expert's qualifications, including the expert's educational and employment background, together with a list of any articles or other published works which such expert has authored in the previous 10 years;

    g. A list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;

    h. A statement of the compensation to be paid for the study, opinions and testimony in this case;

    i. Whether or not said expert has prepared a written report, and if so, deliver a copy of the report; and

    j. Whether or not said expert has been retained to provide any analysis, testimony, expert opinion or other assistance in any other lawsuit, dispute, administrative, civil and/or criminal matter, and if so, describe in detail and not in summary fashion the analysis, testimony, expert opinion or other assistance that was provided and in answering this interrogatory, the name and address of each attorney for all parties involved in such proceeding, the nature of the proceeding, the party who retained the expert, the analysis, testimony, conclusions, or opinions reached and if a document or report was created or otherwise provided by said expert, provide a copy thereof.

**INTERROGATORY NO. 7**: For all visual recordings (photographs, videotapes, motion pictures, x-rays etc.) relating to the subject matter of this action that are known to you, your attorneys, agents, or investigators as having been taken, provide the following information:

    a. The general subject matter of the visual recordings and the medium upon which the same were recorded;

    b. The name and address of the person(s) taking the visual recordings and the dates upon which the same were taken; and

    c. The name and address of the person possessing the visual recordings, and/or copies or negatives of the visual recordings.

**INTERROGATORY NO. 8**: Have you, or your attorneys, agents, and investigators taken written or recorded statements of any witnesses or other persons with knowledge of the matters referenced in the Amended Complaint? If so, provide the following information:

    a. The name and address of the person giving the statement;

    b. The dates of each such statement;

    c. The name and address of the person taking each such statement; and

    d. The name and address of each person or entity known to possess a copy of any such statements.

**INTERROGATORY NO. 9**: State and describe in full and complete detail each and every act and/or omission on the part of the City Defendants which you believe makes the City Defendants responsible for the relief sought in the Amended Complaint, and as to each and every act and/or omission state the following:

    a. The person(s) performing or failing to perform it;

    b. The exact date and time you contend it was or was not performed;

    c. The circumstances under which you contend it was or was not performed;

    d. The specific manner in which you contend it led to or resulted in the death of Warren Lindvold, and the relief sought in your Amended Complaint; and

    e. What you contend should or should not have been done instead.

**INTERROGATORY NO. 10**: Describe in detail, all the damages, losses, and expenses (including economic and non-economic damages alleged in the Amended Complaint) you are seeking against each of the City Defendants, including the factual basis underlying such alleged damages, losses, and expenses, how you calculated such damages, losses, and expenses, and the

nature of said damages, losses, property, and expenses, and describe in detail and not in summary fashion each and every invoice, bill, order, change order, memorandum, check, authorization for payment, or other document of any kind whether written or electronic which you claim supports your claim for damage, losses, and expenses.

**INTERROGATORY NO. 11**: Please identify in detail, and not in summary fashion, any compromise, settlement, or resolution entered into related to any claim made in your Amended Complaint against any person or entity by stating the name of the person, persons, entity or entities who are party to the compromise, settlement, or resolution and the terms and conditions of the compromise, settlement, or resolution.

**INTERROGATORY NO. 12**: As a result of the injuries alleged in your Amended Complaint to have been suffered, list the name and address of every person or institution which has provided goods or services resulting in expense to you or Warren Lindvold (whether paid directly by you or Warren Lindvold or on your behalf or Warren Lindvold's behalf), whether it be for medical supplies, hospital, medical, chiropractic or rehabilitation services, or any other type of goods or services provided to you or Warren Lindvold or for your or Warren Lindvold's benefit; and, for each, indicate the approximate date or dates on which the goods, services or supplies were provided, the amount charged by the provider, the amount which has been paid, and if payment has been made by someone other than yourself, the identity of the person or institution which has made payment.

**INTERROGATORY NO. 13**: For the period from and after July 1, 2008 to the present date, identify any and all physicians, medical personnel, hospitals, medical facilities, psychologists, psychiatrists, mental health personnel, mental health facilities, addiction counselors, addiction treatment facilities, or any other person or facility that treated, examined, or otherwise had contact with Warren Lindvold relating or pertaining in any way to Warren

Lindvold's physical and/or mental condition, and/or treatment of any disease, addiction, and/or condition Warren Lindvold may have suffered from, the diagnosis thereof and/or the prognosis thereof. For each, identify and describe the dates of treatment; nature of treatment; diagnosis; medications prescribed or otherwise recommended; and any recommendation for ongoing treatment.

**INTERROGATORY NO. 14:** Please identify the following information concerning Warren Lindvold's employment:

    a.    Whether Warren Lindvold was employed at the time of the incident complained of in Plaintiff's Amended Complaint, and if so, by whom;

    b.    The inclusive dates of employment, and if employment was terminated, for what reason;

    c.    Warren Lindvold's job title;

    d.    The names and address of all of Warren Lindvold's employers for the ten years preceding his death.

    e.    The names and address of all of Warren Lindvold's employees for the ten years preceding his death.

    f.    The names and address of all of the persons, either through any entity or sole proprietorship, Warren Lindvold farmed in connection with for the ten years preceding his death.

**INTERROGATORY NO. 15:** State whether Warren Lindvold received any income from investments, retirement, social security, gifts and bequests, or other sources during the ten-year period prior to his death, and if so, set forth:

    a.    The source and dates of such income; and

    b.    The amounts of said income, year by year.

**INTERROGATORY NO. 16:** Please identify by name and address any and all banking or other financial institutions Warren Lindvold did business or had accounts with during the ten (10) years preceding and up to his death and provide the account numbers for each account.

**INTERROGATORY NO. 17:** State the amounts spent by Warren Lindvold in each of the three years preceding his death for the following categories of expenses:

    a.    Rent, mortgage, and general upkeep of a residence;

    b.    Food;

    c.    Clothing;

    d.    Transportation;

    e.    Entertainment;

    f.    Taxes;

    g.    Interest; and

    h.    Habits, hobbies, and other personal expenses.

**INTERROGATORY NO. 18:** Identify the total amount of all expenses, including medical bills, burial and funeral expenses, which were paid or incurred as a result of the death of Warren Lindvold. List in detail each item of such expense, the date and manner of payment, the name of each person paying such expense or any part thereof, and the name and address of each person to whom payment was made.

**INTERROGATORY NO. 19:** Identify each person that contributed to the support or maintenance of Warren Lindvold. For each person so identified, give the names and addresses, their relationship to Warren Lindvold, and the amount contributed to Warren Lindvold each year during the ten-year period prior to his death.

**INTERROGATORY NO. 20:** State the names, addresses, relationship to Warren Lindvold, and the dates of birth of all persons who claim to have been dependent in whole or in part upon Warren Lindvold for their support, maintenance or education at the time of his death.

**INTERROGATORY NO. 21:** Have You or Warren Lindvold ever been involved as a plaintiff in any other lawsuit? If so, set forth the nature of the lawsuit, the venue, the docket number, the type of the case and the outcome.

**INTERROGATORY NO. 22:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 88 of your Complaint that "Defendants Olson and Hannig were aware that Warren Lindvold had pre-existing physical limitations because of his arthritis and ankylosing spondylitis and that handcuffing Warren Lindvold's hands behind his back had caused Warren Lindvold immediate significant pain."

**INTERROGATORY NO. 23:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 116 of your Complaint that "Defendants Olson and Hannig were aware of Warren Lindvold's condition and need for medical attention."

**INTERROGATORY NO. 24:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 196 of your Complaint that "[t]he conduct of Defendants Hannig and Olson was intentional, wrongful, deceitful, grossly negligent, and resulted in Warren Lindvold suffering fatal and non-fatal injuries, and delayed and deprived him of medical care and assistance when the timing of such care was of critical importance."

**INTERROGATORY NO. 25:** Identify and describe with particularity and not in summary fashion, the factual basis relating to your allegation contained in Paragraph 234 of your

Complaint that "Defendants Hannig and Olson falsely represented that Warren Lindvold had been medically cleared and was suitable for continued incarceration."

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all documents relating to, identified, described, or used to answer the foregoing Interrogatories. To the extent documents have already been produced through Rule 26(a)(1) Disclosures, please refer to responsive documents by bates-number.

**REQUEST NO. 2:** With respect to each and every paragraph and/or allegation set forth in your Amended Complaint, produce all documents relating to such paragraphs and/or allegations.

**REQUEST NO. 3:** Produce all documents that may be utilized by you during any depositions or that may be used at trial.

**REQUEST NO. 4:** Produce all documents which you believe supports the factual basis to calculate the amount of damages that you are requesting in your Amended Complaint.

**REQUEST NO. 5:** Produce a copy of each federal tax return filed by or on behalf of Warren Lindvold for the 5 years preceding death.

**REQUEST NO. 6:** Please execute the IRS Form 4506 – Request for Copy of Tax Return attached hereto as Exhibit 1.

**REQUEST NO. 7:** Provide and produce an executed Authorization for Disclosure of Protected Health Information form attached hereto as Exhibit 2 for each physician, medical provider, hospital, medical facility, psychologist, psychiatrist, mental health provider, mental health facility, or any other person or facility identified in Interrogatories Nos. 11 and 12.

**REQUEST NO. 8:** Provide and produce an executed authorization to release employment records in the form attached hereto as Exhibit 3 for each of Warren Lindvold's employers identified in response to Interrogatory No. 14.

**REQUEST NO. 9:** Provide and produce an executed authorization to release the social security earnings of Warren Lindvold by executing the Request for Social Security Earnings Information, form SSA 7050-F4, in the form attached hereto as Exhibit 4.

**REQUEST NO. 10:** Provide and produce an executed authorization to release the social security disability records of Warren Lindvold by executing the Consent for Release of Information, form SSA 3288, in the form attached hereto as Exhibit 5.

**REQUEST NO. 11:** Produce all documents in your possession from the Valley City American Legion from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**REQUEST NO. 12:** Produce all documents in your possession from the NuBar in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**REQUEST NO. 13:** Produce all documents in your possession from My Bar in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**REQUEST NO. 14:** Produce all documents in your possession from the Bridges Bar and Grill in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

**REQUEST NO. 15:** Produce all documents in your possession from the Labor Club Bar in Valley City from Warren Lindvold's patronage of the establishment on July 14-15, 2018.

[*The balance of this page intentionally left blank*]

The requested documents can be produced either by mailing a copy thereof to the undersigned counsel for Defendant or by producing the originals of said documents at the offices of Daniel L. Gaustad, 24 North 4th Street, P.O. Box 5758, Grand Forks, North Dakota 58206-5758 for inspection and copying.

**DATED** this 15th day of May, 2020.

                                **PEARSON CHRISTENSEN, PLLP**

                                /s/ Daniel Gaustad
                                Daniel L. Gaustad (ND ID #05282)
                                dan@grandforkslaw.com
                                Joseph E. Quinn (ND ID #06538)
                                jquinn@grandforkslaw.com
                                24 North 4th Street/ P. O. Box 5758
                                Grand Forks, ND  58206-5758
                                Telephone:  701-775-0521
                                Facsimile:  701-775-0524
                                Attorneys for City of Valley, Christopher Olson, and Wade Hannig